Reynolds *v.* Nelson.

————◆————

R. O. REYNOLDS, Administrator, *v.* A. S. NELSON, Administrator.

1. CHANCERY:  RECORD :  DOCKETING  FOR  TRIAL.—The solicitor's order to the clerk to docket a cause for hearing, does not appear in the minutes nor become a part of the record: although proper to be enforced by the court as a ·rule of practice, there is no statute requiring such orders to be in writing.

2. SAME : TRIAL AND FINAL DECREE.—Trial may be had and final decree made immediately after answer filed, without an order to the clerk to set the case for hearing on the issue docket.  If set for hearing by the complainant before expiration of five months after answer filed, the answer is admitted to be true.

3. SAME: SAME: FIVE MONTHS WHEN TO BEGIN.—If the defendant's de-
murrer to the bill be disallowed, and at the same time leave given to answer
by the next term of court—the answer to be filed as of the same term when
leave was granted, the five months allowed by statute for the defendant to
take testimony shall be computed from such term.

APPEAL from the Chancery Court of Monroe county.   Hon.
Joel M. Acker, chancellor.

On the 16th day of October, 1858, the appellee filed his bill
in the court below, as the administrator of Caroline M. Goree,
in which he alleged that on the 8th day of September, 1854,
John Nelson, the father of said Caroline (who was the wife of
Robert T. Goree), made a deed, conveying to his daughter, the
said Caroline, an undivided two-thirds interest in certain lands
therein mentioned, to have and to hold the same to her sole and
separate use ; that on the same day, the said John Nelson, by
deed of that date, conveyed the remaining undivided one-third
interest in said land to his son, Gideon E. Nelson ; and on the
same day, by deed of that date, conveyed also to the said Caro-
line and the said Gideon all the slaves then on the said lands
in the same proportion in which he had divided the lands—the
said Caroline to have and to hold the same to her sole and sep-
arate use.   Copies of said deeds are attached as exhibits to the
bill.

It is further alleged in the bill that with the view of obvia-
ting a division and partition of said lands, slaves, &c., between
the said Caroline and Gideon—that said Caroline purchased the
entire interests of said Gideon in the property, and received
from him a deed thereto in consideration of the sum of $15,600 ;
that the money thus paid was *her* sole and separate property,
and that it was the *intention, wish, and understanding* of the
parties to the contract and of the husband of said Caroline, that
the property thus purchased should be conveyed *to her sole and
separate use ;* but that in consequence of an omission, mistake,
and oversight on the part of the scrivener who prepared the
deed, the said slaves and other personal property were not *so*
conveyed " to her sole and separate use," but " to her and to
her heirs forever," and against the wishes and intention of all

parties concerned. A copy of this deed is also made an exhibit to the bill.

It is further alleged in the bill that said Caroline is dead, and that complainant is her administrator; that her husband, Robert F. Goree, died after his wife, and that Reuben O. Reynolds is his administrator.

The prayer of the bill is for said Reynolds to be made party defendant to the bill, and for a decree to correct the alleged mistake, by striking out the words " *to her heirs forever*," where they occur, and inserting in their place the words " to her sole and separate use."

On the 16th of October, 1858, the defendant acknowledged service, and waived the fact that nine months had not elapsed since grant of letters to him. On the 22d April, 1859, defendant filed a demurrer to the bill, and at the June term, 1859, the cause was submitted, and the demurrer overruled; the court at the same time granted leave to defendant to file his answer by the next term " *as of this term.*"

·The record shows that " thereupon the defendant filed his answer."

The answer admits the death of Caroline Goree and her husband as stated, and that A. S. Nelson is the administrator of the former, and he, defendant, administrator of the latter; and without denying or admitting any of the other allegations or charges in the bill, states that the defendant has no knowledge of them, and asks that they be strictly proven.

On final hearing the chancellor decreed in accordance with the prayer of the bill, and this appeal is prosecuted from that decree.

*Lock E. Houston* for appellant.

1. This bill is filed by the brother of Caroline M. Goree, for the purpose of reforming a deed made by another brother to her; that a demurrer was filed to said bill by defendant, which was overruled, and leave granted him to file answer; this was at June term, 1859. At the term following, viz.: the November term, and without the cause having been set for hear-

ing and only one day after answer was filed, final decree was signed for complainant over defendant's answer, which denied and called for proof of the material points in the case.

Counsel contended that the large amount of proof appearing in the record was improperly there, there being nothing to show that it was properly made a part thereof; that complainant proceeding to trial before five months after filing of defendant's answer, thereby admitted the truth of said answer, and that the answer denies all the material facts stated in the bill—or what is equivalent to this, the defendant states that he is administrator and has no knowledge of them, and calls for strict proof. He contended that in such cases the rule is different from those where the defendant is acting in his personal capacity; that the decree was rendered at a day earlier than allowed by statute; that the rules require a cause to be set for hearing on the issue docket before a decree can be legally rendered; that in chancery, causes are not considered ready for trial until so set for hearing; that the court will not of its own motion have causes so docketed; that such docketing is necessary to give the opposite party notice, and prevent surprise and injustice; that the testimony in the case does not become a part of the record unless causes are thus properly and regularly set for hearing and trial, and that the order to set them should state what depositions are read and what excluded—if any; that this part of the chancery practice makes up, what is, in trials at common law, the bill of exceptions.

*Sale* and *Phelan*, for appellees, cited: Adams, Eq. chap. 5; 22 Ala. Rep. 553-7; 7 S. & M. 753.

ELLETT, J., delivered the opinion of the court.

The *first* objection taken to the decree is that the record does not show that the cause was set down on the issue docket of the court below, for final hearing. When either party directs the clerk to set down a cause upon the docket for hearing, the order for that purpose does not appear upon the minutes nor become a part of the record. It is usual to give the order in

writing, but this is for the guidance of the clerk, and is not required by the statute, though very proper to be enforced by the court as a rule of practice. In the Circuit Court, the law requires all causes to be entered upon the proper dockets, and to be called in their regular order, but the record never shows the fact that such dockets were duly made out. These are matters pertaining to the routine of business, and as there is no way known to our law of calling a cause for trial, except by means of the dockets required to be kept, it must always be presumed, in the absence of proof to the contrary, that the business of the court was proceeded with in a lawful and orderly manner.

The second point relied on is, that the case was tried, and final decree signed, in less than five months after answer filed, without giving the time allowed by law for taking testimony in support of the answer.

A demurrer to the bill was disallowed on the 18th of June, 1859, and leave given to the defendant to file his answer by the next term of the court, the said answer to be filed as of the term when the leave was given. Immediately following the entry of the judgment on the demurrer, the record states that, "thereupon the defendant filed his answer in these words:" the date of the filing is not otherwise given, and there is nothing to show that the answer was not filed immediately on the overruling of the demurrer, as the language of the record imports, except the *jurat*, which shows that the answer was sworn to on the 16th of December, 1859. This would hardly be sufficient to overcome the express recital of the record as to the time of filing, as the answer might have been sworn to afterwards.

But admitting the answer to have been actually filed on the day it was sworn to—that is, on the 16th of December, 1859—it does not by any means follow that the final decree, signed on the day following, was, therefore, erroneous. For the court ought, and no doubt would, on disallowing the demurrer at the June term, have required the answer to be put in within thirty days, so that, allowing five months to take testimony, the cause

would have been ready for hearing at the December term.    But as a matter of favor and convenience to the defendant, he was allowed the entire vacation of six months in which to file his answer; and to prevent this indulgence from working injustice to the complainant, the court imposed the very proper condition, that it should be filed as of the June term, that is, that when filed, it should have the same effect only as if filed at the June term.   · The object of this was that the five months allowed for taking testimony should begin to run from June term, and that the defendant should not, by delaying to put in his answer, entitle himself to another continuance.

But it is a mistake to suppose that a defendant is in all cases entitled to five months after filing his answer, to take testimony ; . on the contrary, the complainant may in all cases set the cause down for hearing immediately after the answer comes in, the only consequence being that he thereby admits the answer to be true.   Rev. Code, 547, art. 46.   That course might have been safely taken in this case, for the answer does not deny a single allegation of the bill, but only alleges that the defendant has no knowledge of any of the facts stated in the bill, and demands strict proof.

It is lastly insisted that the proof was not sufficient to sustain the bill, but on this point we have come to a different conclusion.   We think the evidence was clear and convincing, and that the decree was correct.   Let it be affirmed.