<hr />

## Warren Cowen et ux vs. Thomas B. Alsop et al.

1. CONVEYANCE: *Voluntary ; when void.*
   Mere indebtedness at the time will not in all cases render a voluntary conveyance void as to existing creditors. Where it is a provision for a child, in consideration of love and affection, if the grantor is in prosperous circumstances, unembarrassed, and not considerably in debt, and the gift is a reasonable provision for the child according to his state and condition in life, comprehending but a small portion of his estate, leaving ample funds unembarassed for the payment of the grantor's debts, then such conveyance will be valid against creditors existing at the time. A voluntary conveyance is *prima facia* void as to existing creditors. But

this may be rebutted by evidence showing that the grantor was unembarrassed and had property left amply sufficient to pay all his debts.

2. SAME: *Sec.* 1024 *of Code of* 1871.

This statute which provides that "facts averred in the bill and not denied in the answer, otherwise than by the general traverse, may be taken at the hearing as admitted," applies only to facts either directly charged to be within the knowledge of the defendant or which may fairly be presumed to be so, if the matters alleged are not of either of these descriptions, the omission of defendant to notice them in his answer, is merely matter of exception on the part of plaintiffs to obtain a distinct admission or denial.   If complainants go to trial without excepting to the answer, they must prove the allegations of the bill.·

APPEAL from the Chancery Court of *Warren* County.

Hon. EDWIN HILL, Chancellor.

On December 29, 1866, Samuel Marly, one of the defendants below, and father of Annie Marly Cowen, wife of the appellant, Warren Cowen, made a contract with Warren Cowen, by which he executed his note for $13,000, payable five years after date to Mrs. Cowen.   In consideration of this, Cowen obligated himself to erect immediately, on a lot belonging to Marly in Vicksburg, a brick storehouse, to be worth at least $6,000 or $7,000.   On the same day, and in pursuance of this contract, Marly conveyed this property to his daughter, Mrs. Cowen, on condition that it should become void if he should not pay the $13,000, otherwise to remain in force.

The deed was recorded a few days afterwards.   In June, 1868, the appellee, Thomas B. Alsop, recovered a judgment against said Marly for $855.50, and execution issued, and was levied upon the property so conveyed as the property of Marly.

Appellants enjoined the sale, and in their bill set up the said contract, and allege that they had been in open and notorious possession of the said property, and that the real intent of the contract was to convey the property absolutely to Mrs. Cowen, by way of advancement as her marriage portion, and that the conveyance was prepared in the shape of a mortgage, not for the

purpose of reserving to Marly an equity of redemption in the property, but merely for the purpose of making the property inalienable for five years. That pursuing said contract, Cowen had erected on said property a valuable brick storehouse, worth $6,000 or $7,000; that the contract was in good faith; that at the date of the conveyance and the rendition of said judgment, said Marly owned an abundance of personal property in Warren county in his own right.

To the bill, Alsop, appellee, demurred, and the demurrer was overruled. He then answered, and the cause was set for hearing on bill and answer, April 26, 1872. The court dissolved the injunction and dismissed the bill as to a part of the property levied on, and made the injunction perpetual as to a part of the property.

From this decree the appellants appealed. There was personal service on Marly, but no *pro confesso*, and he never appeared or answered. The answer of Alsop contains no positive denial of the allegations of the bill, but says he does not admit them.

*Catchings & Ingersoll*, for appellants :

The court seems to have treated the conveyance as voluntary. If voluntary, it is such a one as would warrant the court in declaring it void. Whether it is voluntary or not must depend upon all the facts and circumstances. Wilson *v.* Kohlheim, 46 Miss., 346. On a motion to dissolve an injunction, the bill is to be taken as true, except when overturned by the answer or proof, and the answer will not have this effect unless it positively deny the equity of the bill. Hooker *v.* Austin, 41 Miss., 717; Miller *v.* McDougall, 44 id., 682. Conveyances of this sort are not void *per se*, but merely voidable. Alsop should have had a *nulla bona* return upon his execution before resorting to a court of equity to vacate this conveyance. Appellants are *bona fide* purchasers; Cowen actually bought the property for his wife. The consideration was transferred by Marly to his daughter. Cowen is a purchaser without notice of Alsop's claim, as he had not brought suit against Marly at the date of the conveyance. Price *v.* Morton, 46

Miss., 489. The final decree was not rendered until after the act of 1872, and as that act does not interfere with any vested right of appellee, but merely changes his remedy, we insist that it is entirely applicable to this case.

Alsop, treating the conveyance to Cowen as a mortgage, can only have the equity of redemption of Marly, sold by a proceeding in a chancery court, for that purpose.

*T. A. Marshall*, for appellee.

[The reporters find no brief on file for appellee.]

PEYTON, C. J., delivered the opinion of the court.

It appears that in March, 1866, Annie Marly, daughter of Samuel Marly, intermarried with Warren Cowen, and that on the 29th day of December, 1866, the said Samuel Marly settled upon his daughter, by deed of conveyance, certain real estate therein described, situated in the city of Vicksburg, as her portion of his estate.

That on the first of September, 1866, the said Samuel Marly was indebted to Thomas B. Alsop, in the sum of eight hundred dollars, upon which a judgment was obtained in the circuit court of Warren county, by said Alsop, against the said Samuel Marly, on the 12th day of June, 1868, for the sum of $885.50, upon which a writ of *fieri facias* was issued and levied by the sheriff of said county, on the real estate settled and conveyed as aforesaid by said Samuel Marly to his said daughter, Annie Marly Cowen, as the property of the said Samuel Marly, to pay and satisfy said judgment.

And that on the 14th day of December, 1868, the said Warren Cowen, and Annie Cowen, his wife, filed their bill in the chancery court of Warren county, against Thomas B. Alsop, Samuel Marly and Charles E. Furlong, for an injunction restraining the said Alsop, and the said Furlong as sheriff, from selling the said property, alleging that the said Marly, at the time of said conveyance had ample property left over and above the property settled upon his daughter, to pay all his debts, and that the prop-

erty thus levied on by virtue of said execution, by Charles E. Furlong, as sheriff of said county, is not liable to be taken and sold in satisfaction of said judgment, and praying that upon final hearing the injunction may be made perpetual.

The said Thomas B. Alsop, in his answer to the bill of complaint, does not admit that said Marly, on the 29th day of December, 1866, or at any time thereafter, had, in his own right, property sufficient to pay all his debts, and subject to seizure and sale for that purpose, exclusive of the property conveyed to his said daughter, or inclusive of it.

Upon final hearing of the cause on the bill, answer and exhibit, the court decreed that the bill as to so much of the lands and premises as was covered by the deed of Samuel Marly to his daughter, Annie M. Cowen, as her portion of his estate, be dismissed, and as to the residue of said lands and premises described in the bill, the injunction be made perpetual.

From this decree the complainants appeal to this court, and make the following assignment of errors:

1. The court erred in dismissing complainants' bill and in dissolving the injunction.

2. The court erred in rendering a final decree without a *pro confesso* against Marly, or an answer by him.

3. The court erred in not making the injunction perpetual.

The first and third assignment of errors, as they impeach the correctness of the decree in dismissing the bill and dissolving the injunction as to the property conveyed by Samuel Marly to his daughter, Annie M. Cowen, as her portion of his estate, will be first considered.

The voluntary conveyance of said Marly to his daughter was void as to Alsop, who was a creditor of Marly at the time of the conveyance, unless he obtained property amply sufficient to pay all his debts. This fact, although alleged in the bill, is not admitted in the answer, and therefore required proof on the part of the complainants, which they failed to make. Mere indebtedness at the time will not, in all cases, render a voluntary conveyance

void as to existing creditors, where it is a provision for a child in consideration of love and affection.  If in such case the grantor is in prosperous circumstances, unembarrassed, and not considerably indebted, and the gift is a reasonable provision for the child, according to his state and condition in life, comprehending but a small portion of his estate, leaving ample funds unembarrassed for the payment of the grantor's debts, then such conveyance will be valid against creditors existing at the time.  A voluntary conveyance is *prima facie* void as to existing creditors.  But this may be rebutted by evidence showing that the grantor was unembarrassed, and had property left amply sufficient to pay all his debts.  In the case under consideration the conveyance was voluntary, and there was no evidence that the grantor retained in his possession property enough to pay his debts.  We think, therefore, that these assignments of error are not sustainable.

The second assignment of error is equally unsustainable.  The complainants sought no relief against Samuel Marly, who was not a necessary party to the suit.  But even if a *pro confesso*, as against him, had been proper before a final decree, the omission to take the bill for confessed, as to him, is not an error to the prejudice of the complainants, and therefore they have no right to complain of it.

The bill, as before stated, charged that "Samuel Marly had other property sufficient to pay his debts at the time of the settlement of the property in controversy upon his daughter.  To this allegation in the bill the defendant Alsop, as above stated, in his answer, says he does not admit that said defendant Marly, on the 29th day of December, 1866, or at any time thereafter, had, in his own right, property sufficient to pay all his debts, and subject to seizure and sale for that purpose, exclusive of the property mentioned in exhibit B. to complainant's bill, or inclusive of it either."  Upon a reargument of this case, it is insisted by counsel for the appellants that this is not a sufficient denial to put the appellants upon the proof of this allegation in the bill, and contend that the answer is not a denial of the allegation of the bill, and, under the statute, amounts

to an admission of the truth of the allegation of the bill. The statute relied upon is section 1024 of the code of 1871, which provides that "facts averred in the bill and not denied in the answer, otherwise than by the general traverse, may be taken at the hearing as admitted." If the answer was defective in this respect, the plaintiffs below should have excepted to it, and have thereby procured a more direct answer, if it should have been deemed by the court below as necessary. If the answer was insufficient, the remedy was in the court below. But it is believed there is no magic in the verb "deny" to make it indispensable that that word should be in the answer in order to put the plaintiffs upon the proof of that allegation in the bill of complaint. Any other words which clearly negative the truth of, the allegation is sufficient. I cannot bring my mind to believe that the phrase, "does not admit," may be taken as an admission under the statute. No ingenuity can make that expression amount to an admission. It is a direct. exclusion of any such conclusion. In that phrase the word "not" is the qualifying word, which, according to the lexicographers, express negation, denial or refusal, and clearly repels the idea of admission, and requires proof of the truth of the allegation in the bill, and there being no evidence in the record to sustain the allegation in the bill, the plaintiffs must fail.

The statute invoked by the appellants applies only to facts within the knowledge of the defendant. The principle governing this class of cases is this: That the defendant, being solemnly required to admit or deny the truth of the allegations, has, by his silence, admitted it, *qui tacet cum loqui debet, consentire videter*. But this applies only to facts, either directly charged to be within the knowledge of the defendant as above stated, or which may fairly be presumed to be so; for if the matters alleged are not of either of these descriptions, the better opinion is that the defendant's omission to notice them in his answer, is merely matter of exception on the part of the plaintiffs in order to obtain a distinct admission or denial upon the particular point. If they go to trial without excepting to the answer, they must prove the allegations of the bill. 3 Greenl. Ev., p. 238, sec. 276.

The statute cannot apply to cases where the defendant has no personal knowledge of the facts charged in the bill. The bill in this case does not charge the defendant with a knowledge of the facts averred in the bill in relation to the property of the complainants, and he is not presumed to have any personal knowledge of the truth of them; and as the bill requires the answer to be under the solemnity of an oath, the defendant could not make a positive denial of that of which he had no personal knowledge. And in order to preclude the idea of a tacit admission of the allegations in the bill from an omission to notice them in his answer, he expressly says therein that he "does not admit" them, and this puts the plaintiffs upon proof of the facts upon final hearing, and, in the absence of proof, the plaintiffs fail to make out their case.

To illustrate the proposition above stated, that the statute only applies to that class of cases in which the defendant is properly charged with a personal knowledge of the facts averred in the bill, I will suppose that A., as administrator of the estate of B., deceased, is sued in a court of equity by C., who makes various allegations in his bill in relation to transactions between him and the decedent which affect the estate, and that the administrator is required to answer these allegations under oath, and he, having no personal knowledge of the facts, fails to make a positive denial in his answer, in which he says that he "does not admit" the truth of the allegations contained in the bill. Would such an answer by the administrator be an admission of the truth of the allegations in the bill? I think not; and the words in the answer of the defendant, that "he does not admit" the truth of the allegations in the bill, would make it necessary to prove them in order to prevail in the suit.

Upon the whole, it is believed there is no error in the decree, and, therefore, the same must be affirmed.

The decree is affirmed.

Judge SIMRALL, being of counsel in the court below, did not sit in this trial.

TARBELL, J. I have reached a different conclusion as to the effect of the answer, and am of the opinion that the chancellor erred in his decree.