## F. J. MEAD *v.* THOMAS D. DAY.

1. CHANCERY PLEADING. *Denial by answer of allegations in the bill.*

   Independently of our statute, whenever the facts are charged in a bill in equity as being within the personal knowledge of the respondent, he must explicitly admit or deny them; and, if he fails to do so, they will be taken as admitted. But, if the allegations of the bill are not of that character, his failure to deny them is ground only of exception to his answer, and will not justify the complainant in treating them as admitted.

2. SAME. *Rule under our statute.*

   Under Code 1871, §§ 1016, 1024 (Code 1857, p. 547, arts. 44, 45), if the facts are within the personal knowledge of the respondent, he must explicitly admit or deny them; and, if not within his knowledge, he must deny all knowledge and information, otherwise the complainant may treat the allegations of the bill as admitted.

3. SAME. *Case in judgment.*

   A bill in equity averred title in the complainant, by virtue of a purchase of the land at a sale in bankruptcy, under proceedings in the United States District Court for the Southern District of Mississippi, alleging the regularity and validity of all the steps taken in said proceedings and sale. The answer denied any knowledge of such proceedings, and called for strict proof. *Held*, that the complainant was entitled to take the facts alleged as admitted, because the respondent had not denied them, but only disclaimed knowledge of them.

4. SAME. *Means of information within respondent's power.*

   *Semble,* If the opportunity of acquiring information were peculiarly within the respondent's power, and he failed or refused to exercise it, a denial of knowledge and information would be insufficient.

5. TAX SALE. *Void if made on wrong day.*

   A bill to cancel a tax-deed as a cloud on title alleged that the tax sale took place on Aug. 7, 1871, instead of on Aug. 3, 1871, which was the proper sale day. The answer only denied that the sale was made on an improper day, but not that it took place on August 7. *Held*, an admission that it took place on that day, and, consequently, that the sale was void, and the tax-deed should be cancelled as a cloud.

APPEAL from the Chancery Court of Pike County.

Hon. THOMAS Y. BERRY, Chancellor.

*Cassedy & Stockdale,* for the appellant.

If a failure to deny any of the facts averred in the bill, but

simply calling for proof thereof, is sufficient under the statute (Code 1871, § 1024) to put the complainant to proof of such allegations, then the decree dismissing the bill is correct, as there was no proof of the matters for which, under such answer, proof was required. But, on the other hand, if the absence of such a special denial of the allegations in the bill has the effect of an admission of their truth, then the only question for consideration here is as to the legal effect of such facts, upon the relief sought by the bill.

1. The effect of the answer in this case, as an admission of the facts not denied, is not now an open question in this court; but such an answer is held not to require proof by the complainant, and has the same effect as a *pro confesso*. *McAllister* v. *Clopton*, 51 Miss. 257. We therefore regard the facts stated as true, leaving for examination only their legal effect.

2. The sale made on Aug. 7, 1871, was void, as being made on a day not authorized by law for tax sales. The day fixed by law was Aug. 3, 1871. No reference to the different acts of the legislature, by which the sale of such lands was required by law to be on the 3d, instead of the 7th of August, 1871, for the taxes of 1870, is deemed necessary, as the court has examined these acts, and arrived at the conclusion expressed in the bill on the same facts. This court has held that a sale on the 7th of August, 1871, of lands delinquent for the taxes of 1870, is void. *Tebault* v. *Britt*, MS. Op.; *McGehee* v. *Martin*, 53 Miss. 519. The sale being void, no title to the land in controversy passed to the State of Mississippi by virtue of that sale; and the clerk of the Circuit Court, being only authorized to sell land where the State owned it by purchase as delinquent for taxes prior to October, 1871, his sale conferred no title on Day. His deed is void, and a cloud on the title of the complainant, which should be removed.

*Harris & George*, for the appellee.

1. The bill is an ejectment bill. This proceeding cannot be resorted to for the trial of the title to land. The complainant's title must be absolutely clear, and the respondent's color of title of the character of a mere cloud. *Banks* v. *Evans*, 10 S. & M.

35, 62; *Huntington* v. *Allen*, 44 Miss. 654, 663; *Handy* v. *Noonan*, 51 Miss. 166.

2. The title of the complainant depends on a series of steps, in an extraordinary proceeding of a court of limited jurisdiction. The allegations of the bill include, on this head, questions both of law and fact, — the several proceedings, their regularity and legal effect. The record of these proceedings is not made an exhibit, though accessible to the complainant and essential to his title. The respondent in his answer denies *knowledge* or *information* touching the said proceedings, and " that, being ignorant of them, he is not prepared to admit or deny the same, and so he demands that the complainant shall make proof of the allegations." The complainant, having access to the record, was bound to produce it, unless the respondent had relieved him by an admission in the answer, either actual or constructive. He cannot make out his case by the respondent's ignorance. It is a mistake to suppose that our statute supplies any aid on the point. Sect. 1024, Code, does not change the rules as to those qualities which were before requisite to make the answer sufficient. It was designed alone to cut off the expensive practice of exceptions to answers. The general traverse put the plaintiff to the proof of every material allegation in his bill. Gresley Eq. Evid. 19 *et seq*. The object of the code was to destroy the effect of the general traverse, and to substitute constructive admissions in place of exceptions. But the rules by which the sufficiency of an answer is tested are precisely the same now as they were in the time of Lord Bacon. There was no rule then, nor is there any now, which compels a respondent to deny, or express a belief, about a fact of which he is ignorant. It is a known species of perjury to swear affirmatively or negatively about a thing of which the person swearing is ignorant, and to express a belief is but an idle conjecture. The complainant can reap no advantage from the inability of the respondent to answer. 1 Dan. Ch. Pr. 737. If the respondent has knowledge, he must admit or deny; if he has only information, he must express a belief; but if his only information is that afforded by the bill, no belief need be expressed. *Morris* v. *Parker*, 3 Johns. Ch. 297.

3. The bill alleges that the land was sold on Aug. 7, 1871.

This may be true, and yet the sale may have. commenced on the 3d, and regularly continued from day to day. However that be, the allegation is denied, and not proved. The cases cited by adverse counsel were decided on deeds, which on their faces showed a sale on August 7.

CHALMERS, J., delivered the opinion of the court.

The bill was filed to cancel a tax-deed, held by the defendant, which the complainant alleged was a cloud upon his title. The bill averred title in the complainant by virtue of a purchase of the land at a sale in bankruptcy, under proceedings in the United States District Court for the Southern District of Mississippi, alleging the regularity and validity of all the steps taken in said proceedings and sale. The respondent in his answer denied *any knowledge* of such proceedings, and called for strict proof. The complainant failed to make the proof, but insists that he is entitled, under the provisions of our statutes, to take the facts charged, as admitted, because the respondent has not denied, but only disclaimed knowledge of, them.

Is it sufficient for a respondent in chancery to disclaim knowledge of the matters alleged in the bill, and, if his answer is limited to such disclaimer, is the complainant entitled to treat them as admitted? Independently of our statute, the rule on this subject may be stated as follows: Whenever the facts are charged as being within the personal knowledge of the respondent, he must explicitly admit or deny them, or deny knowledge of them; and, if he fails to do one or the other, they will be taken as admitted. But, if the allegations of the bill are not of this character, his failure to deny them is ground only of exception to his answer, and will not justify the complainant in treating them as admitted.

Let us see what change has been wrought in these principles by our statute. Sect. 1016, Code 1871, provides that "the answer shall be responsive to all the material allegations of the bill;" and sect. 1024 declares that "facts averred in the bill, and not denied by the answer, otherwise than by the general traverse, may be taken at the hearing, as admitted." These provisions are brought forward into our present code from the code of 1857, 547, arts. 44 and 45. They have been three

times the subject of comment in this court. In *Reynolds* v. *Nelson*, 41 Miss. 83, it was said that the complainant might well have set down the case on bill and answer, "for the answer does not deny a single allegation of the bill, but only alleges that the defendant has no knowledge of any of the facts stated in the bill, and demands strict proof." In *Cowen* v. *Alsop*, 51 Miss. 158, the answer only declared that "defendant does not admit" the charges made. The charges were not as to matters within the personal knowledge of the respondent. Peyton, C. J., thought that the facts could not be taken as admitted, but that exception should have been taken to the answer. Tarbell, J., thought, that under the statute they were admitted. Simrall, J., having been of counsel, took no part. In *McAllister* v. *Clopton*, 51 Miss. 259, the respondent answered that he had no *personal* knowledge, and required strict proof; and it was held that this was equivalent to an admission under the statute.

We think that the statute intended to some extent to obviate the necessity of exceptions to answers, and to compel the respondent, at the risk of having the allegations of the bill taken for confessed, fairly to meet and join issue on the issues tendered by the bill. In doing so, he is compelled to do something more than disclaim personal knowledge of the fact charged. A man's personal knowledge is frequently limited within a very narrow range, and we all act every day with the utmost confidence, and in the most important concerns of life, upon the information of others, and the belief thereby engendered in ourselves. To this sort of information and belief, upon the part of the respondent, the complainant is entitled, when he puts him upon his corporal oath touching the matters in dispute between them; and the respondent cannot avoid a disclosure by a mere declaration that he knows nothing about the allegations made. Independently of our statute, such an answer would be liable to exception for insufficiency. Under the statute, the charges may be treated as having been admitted. Under no system is the vicious and too common habit of neither admitting nor denying any thing, but calling for strict proof of every thing, admissible.

We think that the opinion of Peyton, C. J., in *Cowen* v.

*Alsop*, *ubi supra*, states correctly the rule before the statute; but, if now adopted by the courts, it would result in a practical annulment of its provisions. The decision in *McAllister* v. *Clopton* is undoubtedly correct, because there the denial is only of personal knowledge.

The true meaning of the statute, we think, is this: There must be a denial, not necessarily of the facts, unless they are within the personal knowledge of the respondent, but of all knowledge, information and belief. Where knowledge and information are both denied, it would, perhaps, be unnecessary to make any averments as to belief, since belief, without either information or knowledge, is necessarily worthless. Whenever the denial is not of this character, — that is to say, whenever there is an omission to deny the facts, and a failure to negative both knowledge and information in relation to them, — the complainant, instead of being forced to resort to his exceptions, may treat the allegations of the bill as admitted. There might, perhaps, be circumstances in which a denial, both of information and knowledge, would be insufficient, as where the opportunity of acquiring the information was peculiarly within the power of the respondent, and he failed or refused to exercise it.

Counsel for the appellee have argued the case upon the assumption that the answer disclaimed both information and knowledge as to the matters charged in the bill; and if this were its character, we should agree with them in holding that it was sufficient, because it could never have been intended that a man should positively admit or deny matters in relation to which he has neither knowledge nor information. But the answer only declares that the respondent *knows* nothing about the matters in question, and calls upon the complainant for proof. This, as we have seen, is insufficient, and under the statute relieves the complainant from the necessity of making proof.

Several grounds of invalidity in the tax-deed are pointed out by the bill; among others, that the tax sale, out of which the defendant's title grew, took place on Aug. 7, 1871, instead of on Aug. 3, of that year, which last-mentioned day was the proper day for the sale of lands delinquent for taxes in said

year, as was held in the cases of *Tebault* v. *Britt*, MS. Op.; *McGehee* v. *Martin*, 53 Miss. 519. This point is well taken, and sufficiently shows the invalidity of the tax-deed. The answer only denies that the sale was made upon an improper day, but does not deny that it took place on August 7, as charged. We understand this to be an admission that it was made on that day.

It is suggested here in argument that the tax sales of the county may have commenced on the 3d of August, and been protracted from day to day, as allowed by the statute, until the 7th of August. This should have been averred or proved in the court below.

*Decree reversed, and cause remanded for decree.*