WILSON A. HOPPER *v.* WILLIAM T. OVERSTREET ET AL.

1. CHANCERY PRACTICE.   *Answer.   Code* 1892, § 533.

An answer averring that defendant does not know whether or not a
deed charged in the bill to have been destroyed was or was not
destroyed does not put the complainant to proof of its destruction.
It is not such a denial as is required by code 1892, § 533, providing
that matters of fact charged in the bill, and not denied in the
answer otherwise than by the general traverse, may be taken as
admitted.

2. WITNESSES.   *Evidence   Leading questions.*

Where the description of the land in controversy was read to a wit-
ness, and he was asked if he was acquainted with the land, the
question was not objectionable as leading, or because it assumed
a material fact to be true.

FROM the chancery court of Kemper county. .

HON. ADAM M. BYRD, Chancellor.

Overstreet and others, appellees, were complainants in the
court below; Hopper, appellant, was defendant there.   Appel-
lees, who were trustees of the Methodist Episcopal Church,

South, filed this bill, seeking to cancel appellant's claim to the lands described therein as a cloud upon the church's title. The bill alleges that the land was bought in 1853 or 1854, by the church, from James Watts, who made a deed to its trustees, which was recorded, but which had been lost or destroyed, and that the records of the county had been destroyed by fire. Appellant answered the bill, claiming title by adverse possession. In taking the deposition of Watts, the description of the land in controversy was read to him as described in the bill, and he was asked if he was acquainted with that land. The question was objected to, because, as was insisted by the objector, it was leading and assumed material facts to be true. The objection was overruled.

*George H. Ethridge* and *E. C. McMichael*, for appellant.

The first interrogatory propounded to the witness, Watts, was radically leading. Unaided by the form of the question, he could not have described the property. The witness, and not the attorney, should have identified and described the property. *Turney* v. *State*, 8 Smed. & M., 104; 1 Greenleaf on Ev., sec. 434; 8 Am. & Eng. Enc. Pl. & Pr., 77–80; *Stringfellow* v. *State*, 26 Miss., 157; Thompson on Trials, sec. 377.

The bill alleges the deed from Watts to appellees to be lost, and the answer denies knowledge as to whether it is lost or not, but demands proof of loss. The chancellor seemed to think that, under § 533, code 1892, no proof of loss was required. The statute does not bear this construction. It was never intended to dispense with proof of the loss of instruments by the party offering secondary evidence of their contents. The statute was intended solely for the purpose of compelling defendants to answer such matters of fact of an issuable nature as could be fairly supposed to be within their knowledge or means of information. The answer to the allegation of the loss of the deed in the bill of appellee is as full as, from the nature of the case, could be made. *Cowen* v. *Alsop*, 51 Miss., 157.

*T. P. Bell*, for appellees.

It was not improper to read the description of the land from the bill to witness, Watts, and ask if he were acquainted with the tract. The question was in no sense leading. There was no contention as to what land was in controversy.

The answer did not, within the meaning of § 533, code 1892, deny the destruction of the deed to the trustees of the church, and the complainants were not required to make proof thereof. *Mead* v. *Day*, 54 Miss., 58; *McAllister* v. *Clopton*, 51 Miss., 257.

Appellant's rights depended wholly upon whether or not he had acquired title by adverse possession, and the record discloses that he failed to show title so acquired. The chancellor's findings of the facts are not only entitled to great weight in this court, but are manifestly correct.

CALHOON, J., delivered the opinion of the court.

The title and possession of the property in controversy was once in one Woodson. The defendant in the suit below himself admits that he had no sort of title unless by the statute of limitation of ten years. He says he had bought a piece of adjoining property from one Treadaway, and that when he bought Treadaway informed him that Woodson owned the property claimed in this suit, but that he did not think Woodson would ever disturb defendant if he took it. The Methodist church, through its trustees, filed its bill to cancel the claim of Hopper as a cloud upon its title, and it claimed the property through Woodson by successive conveyances, Mr. James Watts being its immediate grantor, and by prescription. But the church avers that it had a deed from Watts to the land, which deed was lost after being recorded, which record was destroyed by the burning of the courthouse of the county. Mr. Hopper's answer sets up adverse possession for more than ten years, and, attempting to answer the allegation that the deed was lost, says: "Defendant does not know whether said deed of said Watts is lost

'or destroyed, but demands proof on said point.'' We agree
with the chancellor that Mr. Hopper has been unsuccessful in
showing title by adverse possession, and we concur with the
chancellor in his holding that the church had the title. With-
out determining whether there has been sufficient proof of the
loss of the instrument, we now determine, under § 533 of the
code, 1892, that proof of the loss of the deed need not be made
because of the insufficiency of the answer. Defendant has not
answered the charge of the loss of the instrument except to
say he does not know whether it was lost or not. He has not
denied it as to his information and belief. This has been
always required by the rules of pleading in equity. *McAllister*
v. *Clopton*, 51 Miss., 257; *Mead* v. *Day*, 54 Miss., 58; the
last case overruling on this point the case of *Cowen* v. *Alsop*,
51 Miss., 158.

We need not consider the many objections made to the testi-
mony, because we think the unobjectionable evidence sustains
the complainant. The objection to the first interrogatory to
James Watts is too technical. It was entirely competent to
ask whether he was acquainted with the land described in the
bill, reading the description to him, and he testified that he did
convey that land by deed to the trustees of the church.

*Affirmed.*