SMITH *et al. v.* FEDERAL LAND BANK OF NEW ORLEANS.

(Division B, April 12, 1937.)

[173 So. 673. No. 32685.]

A. B. Amis, Jr., of Newton, for appellants.

**O. M. Oates,** of Bay Springs, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

R. A. Smith, the owner of certain lands in Jasper county, Miss., applied to and secured from the Federal Land Bank a loan of $3,000 thereon, giving a trust deed to secure same. The land described in the application for the loan, which was not signed by the wife of R. A. Smith, was the N. E. ¼ of N. W. ¼, and N. E. ½ of N. W.¼ of N. W. ¼, 60 acres, in section 10, township 3, range 11, and other lands, the total purporting to be 245 acres. In drafting the deed of trust, however, by error of the scrivener, the land was described as the N. E. ¼ of N. W. ¼ of N. W. ¼, instead of the "N. E. ½ of N. W. ¼ of N. W. ¼," thereby leaving off 10 acres, and this deed of trust was signed by R. A. Smith and his wife.

Subsequently the payments provided for in the deed of trust were not met, and the taxes were not paid, and the Federal Land Bank was proceeding to foreclose its

deed of trust when the error in the description was discovered, and this bill was filed to correct the description, it being shown that the dwelling house and the improvements were situated upon the 10 acres omitted from the deed of trust. The appellants refused to correct the deed of trust, but instead, conveyed the 10 acres involved to their son.

The appellants, R. A. Smith and M. A. Smith, answered the bill for reformation of the deed of trust, and admitted making application for the loan, and that the 245 acres described in the application were intended to be embraced in the deed of trust, and admitted that their homestead was located upon the 10 omitted acres. They then alleged that they had nothing to do with the preparation of the deed of trust, but that it was prepared by the appellee's agent and submitted to the appellants for execution, and that they executed the papers so prepared.

It is true that the answer, in making these admissions, stated that the appellants' memory was not perfect as to some of the transactions, but the allegations of the bill in reference thereto were not denied, and, consequently, were admitted by not being denied. Hopper v. Overstreet et al., 79 Miss. 241, 30 So. 637. It is shown by the testimony of R. A. Smith that they did not know of the error at the time the deed of trust was executed, and did not learn of it for some years thereafter. They stated in the answer that "They did not then know exactly what property was included in such deed of trust, and did not know for quite some time thereafter just what property was included. They admit that Exhibits B and C are copies of such note and deed of trust as by them so executed. They further say that if the original application, copy of which is attached as Exhibit A, is a true copy of the application by them executed, that they then did offer 245 acres as therein described as security for such loan, but that there was no further agreement as between them and the complainant, with-

out any further agreement, elected to accept 245 acres as security for its loan,'' etc.

It will be seen from this statement that the application contained an accurate description of the land owned by R. A. Smith, and that he and his wife intended to secure a loan by a deed of trust on 245 acres of land.

All the allegations of the bill, not denied by other than a general traverse, admit that appellants intended to give the appellee a deed of trust on 245 acres of land, but, through inadvertence, the description was copied erroneously into the deed of trust.

The residence on the land was inspected by the agent of the Federal Land Bank, insurance taken out thereon, and sent with the deed of trust to said bank.

Neither the wife nor the son of R. A. Smith testified in the case, but it was proven that the son knew of the deed of trust held by the Federal Land Bank, and that he was a voluntary grantee, that is, the deed to the 10 acres was given to him for past services about which he had no contract, consequently he took subject to the bank's rights.

It was clearly shown in complainant's proof that the error in the description in the deed of trust was inadvertent, and that the Federal Land Bank intended to take a deed of trust on 245 acres, consequently the chancellor was correct in reforming the instrument, and the judgment will be affirmed.

Affirmed.