JOSEPH A. ANSLEY *et al.*, plaintiffs in error, *vs.* WILLIAM A. WILSON, trustee, defendant in error.

1. In order to pass the title to land by a sale by the city marshal of Americus, under a *fi. fa.* for city taxes, it is necessary that all the requirements of the city charter should be fully met, and if there be a failure to advertise the sale for thirty days, as required by the charter, the sale is void.

2. A levy upon land in this State is made by an entry by the levying officer upon the *fi. fa.*, and an entry by a city marshal on a city tax

Ansley *et al. vs.* Wilson.

*fi. fa.,* "Levied this *fi. fa.* on a house and lot of the defendant, situated in the eastern part of the city of Americus, to satisfy the within," is not a sufficiently definite entry to give the marshal authority to sell a lot which the defendant happens to own in that part of the city ; nor can such an entry by a city marshal be amended after the sale by adding a description sufficient to identify the property intended to be seized.

Municipal corporations. Tax. Levy. Description. Advertisement. Before Judge CLARK. Sumter County. At Chambers. May 10th, 1873.

William A. Wilson, as trustee for his wife and seven minor children, filed his bill against Joseph A. Ansley, N. A. Smith and J. C. Hogue, marshal of the city of Americus, making, in brief, the following case :

Complainant is the owner of twenty acres of land in the city of Americus, whereon there are two dwelling houses and other valuable improvements. Said property is worth at least $5,000 00, and constitutes almost the entire estate of his *cestui que trusts*. On February 26th, 1873, all of said property was levied on under a tax execution for the sum of $30 00, in favor of the city of Americus, against complainant, as agent for his wife, and the following entry made on said *fi. fa :*

" I have this day levied on one house and lot of the defendant, situated in the eastern portion of the city of Americus, to satisfy the within *fi. fa.* February 26th, 1873.
          (Signed)          ` "J. C. HOGUE."

This levy was advertised for the first time in a newspaper known as the Sumter Republican, on March 4th, 1873. The property was sold on the first of April, 1873, not having been advertised thirty days, at public outcry, to the defendants, Ansley and Smith, for $96 00. Complainant has tendered to the defendant, Hogue, the amount due on said execution, and to the defendants, Ansley and Smith, the amount of their bid, with ten per cent. added, but they decline to receive the same. Complainant here makes the same tender ; waives discovery

and prays as follows: That the writ of injunction may issue, enjoining said Hogue, city marshal, as aforesaid, from executing any deed or conveyance to said property to the defendants Ansley and Smith, and from attempting to place said defendants in possession of the same, and from interfering with complainant's use and enjoyment thereof; that said pretended sale be set aside and complainant be allowed to satisfy said tax execution by the payment of the amount due thereon; that the writ of subpœna may issue.

The answers of the defendants and the affidavits read on the hearing of the motion for injunction did not affect the allegations of the bill in reference to the points decided, except so far as they showed that complainant had actual notice from the marshal of said levy and intended sale.

The Chancellor ordered the injunction to issue in the penal sum of $4,000 00, upon the complainant's depositing in the clerk's office the amount due for city taxes, with costs of levy and sale, within ten days from the date of such judgment. To which decision the defendants excepted.

C. T. GOODE; B. H. HILL & SON, for plaintiffs in error.

1st. The fact of the absence of two days' advertisement did not affect the sale, as the city laws were substantially complied with: Code, sec. 4; 25 Ga. R., 103. Marshal's sales are governed by the same laws that govern other judicial sales: Code, sec. 2586. The old distinction was based upon the rules governing *fi. fas.* issued by Courts of limited jurisdiction: 11 Ga. R., 428. This property was bound for taxes: 8 Ga. R., 480; 4 Abbott's Nat. Dig., 259. Under section 893 of the Code, the rights of the purchaser are clear. He had nothing to do with the parceling of the property levied on: 40 Ga. R., 39.

2d. The case in 42 Georgia Reports, 629, does not affect this litigation.

3d. The right of redemption did not exist: 40 Ga. R., 50; sec. 31 of Act of incorporation of the city of Americus; Ordinances, p. 11, 33; 40 Ga. R., 39; Code, sec. 2577.

4th. Injunction will not lie to restrain trespasser : 11 Ga. R., 294 ; 8 *Ibid.*, 118 ; 5 *Ibid.*, 576.

HAWKINS, GUERRY & HOLLIS, for defendant.

1st. Right of redemption exists : Code, sec. 892 to sec. 895.

2d. Marshal has no authority to put purchaser in possession : 40 Ga. R., 49.

3d. The sale was in violation of law and of the city charter : 29 Ga. R., 56 ; 11 *Ibid.*, 423 ; 3 U. S. Dig., p. 376, secs. 426, 427 ; 4 Peters, 349.

4th. The levy was grossly excessive, and the sale therefore void : 25 Ga. R., 103 ; 3 U. S. Dig , p. 377, sec. 464.

5th. The description in the levy is too uncertain : 42 Ga. R., 629.

6th. Injunction is the proper remedy : Code, sec. 3153 ; 40 Ga. R., 293 ; 11 *Ibid.*, 246 ; 22 *Ibid.*, 165 ; High on Inj., sec. 370.

McCAY, Judge.

1. Admitting (which we do not decide) that a good case is not made in this bill for an injunction against the *trespass*, because there may be a legal remedy, still, we think the complainant has a right, if the charges in his bill be true, to an injunction against the making of a deed by the marshal. A Court of equity has original, and formerly had exclusive, jurisdiction for such a purpose as that. It will prevent the parties doing what will complicate the title, and add a new or denser cloud to the blur which this sale casts upon the complainant's title. Besides, this bill shows that this is a trust estate, and a Court of chancery will not be backward to interfere to protect the beneficiaries, if they are about to be injured. True, if the trustee has acted so as to pass the title, the Court will follow the law, but it would be a very rare case where a Court of chancery would decline to protect a trust estate, and send the trustee to his legal redress. The rule that a complainant must come into equity with clean hands does not go so far as

to prohibit a Court of equity from giving its aid to a bad or a faithless man. The dirt upon his hands must be his bad conduct *in the transaction complained of.* All complainants in equity are human beings, full of faults and sin, and I doubt if there is one case in ten in which the complainant is not somewhat to blame. If the complainant does equity himself, or offers to do it, (except in those cases where the rule *in pari delicto*, etc., comes in,) his hands are as clean as the Court can require. "He who asks equity must do equity," is the maxim on which the expression as to "clean hands" is based. The right to seize and sell a man's property for his failure to perform a corporate duty, is the exercise of a high function that can only be justified by express law, and that law must be strictly construed: 20 *Georgia,* 639; 25 *Ibid.,* 103; 31 *Ibid.,* 700; 11 *Ibid.,* 423. So far, indeed, does this rule go, that the text books lay it down that a power to a corporation to levy and collect a tax does not include a power to seize and sell, and that the corporation can only collect by suit: Dillon on Corporations, section 656, and the cases cited. This Court in 40 *Georgia,* held that a marshal could not put the purchaser in possession, unless expressly authorized.

We see nothing in the sections of the Code alluded to, to-wit: sections 890 to 901, Code of 1873, to justify us in saying that they apply to marshal's sales. Were they negative Acts, that is, Acts putting new restrictions on tax sales, we should incline to apply them to corporation tax sales where the charter was silent; but as they are claimed to *extend* and *enlarge* the effect of tax sales we think it would be a violation of all rules of construction to give these sections that meaning. The defendants then must stand on the charter. The title passes only when the charter is complied with. 1st. There must be an execution regularly issued under the charter. 2d. There must be a seizure of the property, and these are necessary to get *authority* to sell; and, still further, the other requirements of the charter must be complied with. Without these the sale is, in our judgment, *void,* according to the universal tenor of the decisions. See the rule stated and the authorities in

Ansley *et al. vs.* Wilson.

Dillon on Municipal Corporations, section 658, and this, previously to the Code, was the ruling of this Court as to all sales for taxes: 25 *Georgia,* 163; *Brooks vs. Rooney,* 11 *Georgia,* 425. Under this rule the bill, answer and exhibits show what? 1st. That the marshal levied on " a lot in the eastern part of Americus, as the property of the defendant." We think the *levy* wholly insufficient. It does not pretend to describe the property, except that it is in the eastern portion of the city. The charter makes the city four square miles in area. How is any one to know what property is levied on ? The defendant in the *fi. fa.,* as appears in the answer of the marshal himself, has two lots in that portion of the city. Indeed, it is a necessity of the defendant's case to show there were two lots, since it is obvious that if *all* the complainant's property was intended to be levied on, the marshal violated the law in the sale by not putting it up in parcels. Had the whole twenty acres been included in the levy, it is not pretended that the small house and the land in its immediate vicinity would not have paid the tax. The levy does not give any description of the property, except that it is levied on as the property of the defendant. There is even no reference in the levy to any outside means of knowing what property was intended to be levied on. The levy is part of the authority to sell. Until there is a levy there is *no sale,* even by a sheriff, under *judicial process.* In this State land is not, in fact, taken possession of by the levying officer. The levy consist in the *entry* on the *fi. fa.* We doubt even if a levy on land could be amended, if essentially defective. If there were a sufficient entry to show that it was the intent of the officer to devote a particular, defined portion of land to sale, perhaps matters of form, as the date, etc., might be added by amendment. But an entry of this sort is more than a *return,* stating what the officer has done. It is the thing itself. The entry is the seizure. It takes the place of the manucaption of personal property. Could the failure to seize personal property be remedied by an amendment?

2. We do not think we are called upon in this case to con-

strue sections 893 and 895 of Irwin's Code, except to say that they do not apply to sales by the marshal of a town or city. They do not so apply in terms, and to make them apply would be to suppose it was the intent of the Legislature to alter a fundamental rule of law applicable to corporations as to their powers, and that, too, in a law which, upon its face, covers only sales by a sheriff or constable. Previously to the Code, the tax collector might himself sell, but under the Code, the sale is to be by the sheriff—a regular bonded officer, whose bond may be sued for any failure in his duty by a private person. The tax collector's bond was not of that character, neither is the marshal's; at least, there is no law to authorize it in terms, and we doubt if a citizen could sue on it. But, however this may be, the rule is, so far as we know, universal that a corporation has only such rights as the law gives it, and its charter must be followed to justify any acts done by its officers. Under this levy, even if the levy be good—sufficiently certain—the failure to advertise the thirty days required by the charter would be fatal. It is plain from the statements in the bill, which are not denied in the answers, that the failure to advertise the full thirty days is the cause of the whole trouble. The complainant had a right to look no further when he found that the paper where the advertisement must be published did not contain it at all, until there was less than thirty days till the first Tuesday of the next month. If sold at all, it *must* be then or later. And when he found it was not in the paper of the day, thirty days before the sale, he had a right to suppose it would not be sold. The charter must be pursued. The city and its officers have not the legal right to divest a citizen of his property by seizure and sale, unless they conform to the law, and a purchaser buys with the burden on him to show that this was done. The title does not pass until the law has been complied with. The authority to the marshal to make the deed does not exist, except on the terms prescribed. Even if it be admitted that, under our Code, a sale for taxes, under State process, and when the sale is by the sheriff, stands upon the same footing

in all respects as a judicial sale, and that a failure of the officer to comply with the prescribed forms will not vitiate the sale in the hands of an innocent purchaser, we do not agree that this change which the Code makes (if it does make it) applies to sales by the marshal of a corporation for taxes due. Such sales stand on their old footing. They must conform to the charter, and no title passes, if there be a failure to comply, even as to the mode of sale; and purchasers *must take notice.* It is a question of validity and not of irregularity. It is not necessary to decide whether in the case of a good sale under the charter, the original owner has, or has not, the power to redeem in one year. Were it necessary, we are strongly inclined to hold that the right to redeem would exist. There is a wide difference between the question whether those portions of the Code relating to tax sales, sections 890 to 903, which *enlarge* and give additional effect to such sales, apply to sales under a corporation charter, and whether the provisions of sections 898, (Code of 1873,) which *restrains* and limits the effect of such sales, applies also to corporation sales. What the State grants to its own process, it may well not intend to grant, also, to a corporation process; but what it *denies* to its own process, it would seem would be also denied to corporation process. Such, at least, would be the presumption unless the charter was very distinct to the contrary. We do not, however, decide this question positively, as it seems to be unnecessary to the question before us, to-wit: whether the injunction should or not be sustained.

Judgment affirmed.