### GILLIS *vs.* SMITH, executor.

An execution against a sheriff should be directed to the coroner of the county of the sheriff's residence and to all and singular the sheriffs of the state, except the sheriff of the county of such residence, and the same may be levied by the coroner, other sheriff or constable of the county, at the option of the plaintiff.

(*a.*) The object of this provision is to prevent a defendant from handling a process against himself. While therefore a *fi. fa.* directed to all and singular the sheriffs and coroners of this state was not in exact accord with the statute, the defendant having at its date been a sheriff, yet where it appeared that he had ceased to be a sheriff and that the *fi. fa.* was levied by his successor, it substantially complied with the statute, and the court properly refused to dismiss the levy on motion.

Executions. Levy and Sale. Laws. Sheriffs. Before Judge CRISP. Stewart Superior Court. April Term, 1881.

Reported in the decision.

R. F. WATTS, for plaintiff in error.

T. D. HIGHTOWER; W. A. LITTLE, for defendant.

JACKSON, Chief Justice.

The claimant moved to dismiss the levy on the ground that the defendant therein was sheriff of the county at its

date, and that the execution was directed to all and sin-
gular the sheriffs and coroners of this state, instead of to
the coroner of the county of Stewart, and all and singular
the sheriffs of said state except the sheriff of the county
of Stewart, and that the successor to the sheriff at the
date of the execution made the levy, he being the sheriff
of Stewart county.   The court denied the motion, and
this is the error assigned.

Section 3633 of the Code, enacts that the execution in
such a case shall be directed as contended for by the
plaintiff in error ; but section 4, sub-section 6, enacts that
a substantial compliance with any requisition of the Code
on the part of public officers, shall be sufficient, and no
proceeding shall be declared void for want of such com-
pliance, unless expressly so provided by the enactment.
In this case the enactment does not so provide, and the
direction is substantially a compliance with the enactment.
The purpose and spirit of the act is that the sheriff shall
not handle and execute a process against himself; but it
does not mean that a succeeding sheriff of the county
should not do so.   True, it excepts the sheriff of that
county from the officers to whom it is directed, but the
intent is as to the man then exercising the duties of the
office, who is defendant in *fi. fa.*   If he had levied it, of
course the levy could not stand, but that his successor did,
with whom he had no connection at all, could hurt nobody.
The execution is directed to all the coroners, and that em-
braces the coroner of Stewart county.   It is faulty only in
not excepting the sheriff of Stewart county; but that is
required because he was then a party.   The reason ceases
when a new officer takes his place, he not being his deputy,
and the reason ceasing, the law ceases.

If the execution had excepted the sheriff of Stewart,
we still would think that this sheriff of Stewart could have
executed it, because the manifest intention of the excep-
tion was to affect that sheriff who was party to the exe-
cution ; but here it is directed to all the sheriffs of the

state; he is one, and no party and not interested. Being sheriff of the county, he was the very best officer to execute its process where not interested, and to hold that he could not do so in this case would be to "stick in the bar." The words, "except the sheriff of the county where *the interested sheriff resides*," fix the true intent and spirit of the act; and the words, "which may be levied, served and returned by the coroner, or other sheriff, or constable of the county," strengthen the fastening of this meaning. The constable may act if not otherwise incompetent, though the process be not directed to him. Code, §4173. And so might the sheriff of Stewart, even if that officer had been excepted and the process not directed to him, if the direction of the first part of the section had been complied with, provided always he was not that interested sheriff at whom the act was aimed, and who was disqualified by it.

Judgment affirmed.