Blandford,. J.
1. Prior to the adoption of the Code, the utmost particularity was required in respect to sales under executions for taxes, and the law had to be complied with in every respect; and such still is the case as to sales under executions for municipal taxes; but since the adoptiop of the Code, executions for State and County taxes stand on the same' footing as to the levy and sale of property as executions issued under judgments at law. Therefore, where an execution for State and County taxes'was directed “to any lawful officer to execute and return,” instead of “to all and singular the sheriffs and constables-of this State,” but it was levied by a sheriff and the property levied on was sold thereunder, the levy and sale were not void. Code §§890, 893, 899, 888 ; 67 Ga., 446; 69 Id., 533 ; 11 Id., 423, 50 Id.,,418.
■J. A. Wright; John I. Hall, for plaintiff in error.
J. W. 1'rcston, by J. H. Lumpkin, for defendants.
2. A tax execution for State and County taxes, directed “to any lawful officer to execute and return,” was placed in the hands of a sheriff to levy. The defendant pointed out to the sheriff a lot of land as being number 104 in Butts county, and the levy was so entered. At the sale the defendant caused bids to be made for him, and insisted that the purchaser should pay the entire purchase money to the sheriff and refused to allow the balance above the amount of the tax executions to be paid by a credit on another fi fa. The purchaser refusing to pay the purchase money in full, the defendant directed the sheriff to readvertise and sell at the purchaser’s risk, which was done. At the second sale the defendant was present and bid for the land, being next to the highest bidder. The purchasers paid the purchase money, and after discharging the tax executions, the balance of the fund was distributed in the Superior Court among certain execution creditors of the defendant. The purchasers were put into possession of the land by the sheriff. Subsequently the defendant brought ejectment, and the purchasers filed a bill to correct the mistake in the number of the lot and to enjoin the action of ejectment.
Held, that the conduct of the defendant estopped him and his administrator from denying the legality and validity of the sale. 4 J. J. Marshall, 585 , 65 Ga., 360-6.
3. One of the purchasers and parties to the litigation was not a competent witness to testify to facts connected with the transaction which occurred before the death of the defendant in fi fa., he having since died. Code, §3853.
•Judgment reversed.