BYARS *et al. vs.* CURRY *et al.*

75  515
100  554
75  515
117  585
75  515
p127  389

1. Prior to the adoption of the Code, the utmost particularity was required in respect to sales under executions for taxes, and the law had to be complied with in every respect; and such still is the case as to sales under executions for municipal taxes; but since

the adoption of the Code, executions for state and county taxes stand on the same footing, as to the levy and sale of property, as executions issued under judgments at law. Therefore, where an execution for state and county taxes was directed "to any lawful officer to execute and return," instead of "to all and singular the sheriffs and constables of this state," but it was levied by a sheriff, and the property levied on was sold thereunder, the levy and sale were not void.

2. A tax execution for state and county taxes, directed "to any lawful officer to execute and return," was placed in the hands of a sheriff to levy. The defendant pointed out to the sheriff a lot of land as being number 104 in Butts county, and the levy was so entered. This was a mistake, the correct number of the lot being 4. At the sale, the defendant caused bids to be made for him, and insisted that the purchaser should pay the entire purchase money to the sheriff, and refused to allow the balance above the amount of the tax executions to be paid by a credit on another *fi. fa.* The purchaser refusing to pay the purchase money in full, the defendant directed the sheriff to re-advertise and sell at the purchaser's risk, which was done. At the second sale, the defendant was present and bid for the land, being next to the highest bidder. The purchasers paid the purchase money, and after discharging the tax executions, the balance of the fund was distributed in the superior court among certain execution creditors of the defendant. The purchasers were put into possession of the land by the sheriff. Subsequently the defendant brought ejectment, and the purchasers filed a bill to correct the mistake in the number of the lot and to enjoin the action of ejectment:

*Held,* that the conduct of the defendant estopped him and his administrator from denying the legality and validity of the sale.

3. One of the purchasers and parties to the litigation was not a competent witness to testify to facts connected with the transaction which occurred before the death of the defendant in *fi. fa.*, he having since died.

December 15, 1885.

Tax. Levy and Sale. Estoppel. Witness. Before Judge HAMMOND. Butts Superior Court. March Adjourned Term, 1885.

Reported in the decision.

J. A. WRIGHT; JOHN I. HALL, for plaintiffs in error.

J. W. PRESTON, by J. H. LUMPKIN, for defendants.

BLANDFORD, Justice.

J. G. Dumble brought his action of ejectment against the plaintiffs in error, to recover lot of land number four, adjoining the land known as the Indian Spring Reservation. Dumble having died, Elder, the defendant in error, was appointed his administrator and made a party to that action.

The plaintiffs in error filed their bill against the plaintiff in the ejectment suit, in which they alleged that the lot of land sued for had been sold by the sheriff under certain executions for state and county taxes against Dumble, and that he had pointed out this lot of land and described it as lot number one hundred and four to the sheriff, and the levy described the lot as number 104. Dumble appeared at the sale, and had a person to bid for it for himself; the land was knocked off to R. G. Byars, and Dumble required the whole of the purchase money to be paid to the sheriff, refusing to allow an execution against himself to be credited with the balance of the money, after discharging the tax executions. Byars refused to pay the purchase money Dumble directed the sheriff to re-advertise and sell the land at Byars' risk, which the sheriff did. At the second sale, Dumble appeared and bid for the land, he being next to the highest bidder; the plaintiffs in error were the purchasers at this last sale. The executions were levied and the sale took place in 1877. The purchasers paid the money, and after discharging the tax executions, the balance of the fund was distributed among certain execution creditors by the superior court of Butts county. The plaintiffs in error were placed in possession of the land by the sheriff. The bill alleged a mistake in the number of the land; that the same was 4 instead of 104; that this was caused by Dumble's having described it as 104, when, in fact, it was 4. The prayer is for a reformation of the levy and of the sheriff's deed to plaintiffs, so as to change the number of the lot to 4 instead of 104, and for a

perpetual injunction against the action of ejectment. The case coming on for trial, the complainants tendered in evidence the tax execution under which the land was levied on and sold. To the introduction of this evidence the defendants objected, upon the ground that the direction in the executions was " to any lawful officer to execute and return," and they were not directed to "all and singular the sheriffs and constables of this state." The court sustained the objection, and ruled out the tax executions. To this ruling the complainants excepted, and this is assigned as error, and this is the principal ground of complaint here. There is also an assignment of error that the court refused to allow one of the plaintiffs to testify to what had happened in the lifetime of Dumble.

1. Since the adoption of our Code, §§890, 893 and 899, executions issued for state and county taxes stand on the same footing as to the levy and sale of property as execution issued upon judgments at law. Before the adoption of the Code, the utmost particularity was required in cases of tax executions, and the law had to be complied with in every respect, as was decided by this court in 11 *Ga.*, 423, and such is the law in most of the states of this union. Executions issued for taxes due municipal corporations do not fall within the provisions of the Code referred to, but are still subject to the stringent rule laid down in 11 *Ga.*, above referred to, as was decided by this court in the case of *Ansley vs. Wilson*, 50 *Ga.*, 418. While the executions in this case are improperly directed " to any lawful officer to execute and return," when they should have been directed " to all and singular the sheriffs and constables of this state," yet they were executed by the proper officer, the sheriff of Butts county, who was authorized to execute a *fi. fa.* for state and county taxes; and we think that, being so executed, the levy and sale of this lot by him is not void because of the misdirection in the execution. This view, we think, is sustained by the decision in the case of *Gillis vs. Smith*, 67 *Ga.*, 446; also 69 *Id.*, 533; §888 of the Code.

2. There can be no doubt, under the facts of this case, but that Dumble was, and his administrator is, estopped from denying the legality and validity of the sale of this land. He pointed out the property to be levied on ; he directed the sheriff to advertise and re sell this property ; he was present and bid at the sale. These acts estop him from saying that the sale is void. 4 J. J. Marshall, 585 ; 65 *Ga* , 360, 366. We think that the court erred in refusing to admit the tax executions in evidence.

3. We do not think that there was any error in refusing to allow Mallett, one of the plaintiffs, to testify to facts which occurred before Dumble's death.* The witness was incompetent at common law, and falling within the first exception to the act of 1866, he remains still incompetent, and is not made competent by that act. Code, §3854.

Judgment reversed.

---

*The exception is that the court refused to allow Mallett, one of the complainants in the bill, to testify that he did not buy the land, and how it was bid off, and that his bids were at the instance and for the benefit of Dumble ; also that neither he nor Byars owned the tax executions. This was rejected because Dumble was dead.