## McPHEE vs. VENABLE et al.

Where an ordinance of a city provided, as to sales for municipal taxes, that, "where real estate is levied on shall it be the duty of the marshal to give the owner, or the tenant in possession, if the owner is unknown, a written notice of such levy five days before the sale;" and where a property-owner was a non-resident, but had a resident agent who was so known to be by the municipal officers,

he having paid the taxes on the lot for several years, and his name being entered on the city books as the agent of the owner, the notice required by the ordinance should have been given to him.

(*a.*) In sales for municipal taxes, all the requirements of the law and the ordinances of the city should be strictly complied with.

October 12, 1886.

Tax. Principal and Agent. Notice. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

Reported in the decision.

REED, REINHARDT & O'NEILL, for plaintiff in error.

HOPKINS & GLENN; CANDLER, THOMSON & CANDLER, for defendants.

BLANDFORD, Justice.

This was a bill filed by the plaintiff in error against the defendants in error, to set aside a sale of a certain lot of land in the city of Atlanta, under an execution issued by the city of Atlanta for taxes due the city, on several grounds, among others, that the owner had not had notice of the levy and sale, as required by the ordinance of said city ; and on the trial, the court refused to charge the jury, as requested by plaintiff's counsel, that if McPhee was a non-resident, yet if he had an agent resident in the city, who was known to the city to be such agent, then the city should have given him, the agent, notice of such levy and sale. It appeared by the evidence that one Robinson was the agent of McPhee ; and that he had, as such agent, paid the taxes due on the lot from 1875 to 1881, when the levy and sale took place, and it was entered on the books of the city that he was agent for McPhee as to this lot. The question is, did the court err in refusing the charge as requested ?

Section 725 of the ordinances of the city of Atlanta

provides: "Where real estate is levied on, it shall be the duty of the marshal to give the owner, or the tenant in possession if the owner is unknown, a written notice of such levy five days before the sale." No such notice was given in this case; and we think that where the owner is unknown, but where there is an agent of such owner resident within the city, and who is known to be such agent to the officers and authorities of the city, he having paid the taxes for several years, and his name being entered on the books as the agent for the owner, the notice required to be given to the owner should have been given to such agent. It seems that this would naturally fall within the equity of the ordinance.

This being a sale for taxes due a municipal corporation, all requirements of the law and ordinances of the city should be complied with. 50 *Ga.* 418. The ordinance is fully authorized by the charter of the city and becomes the law governing this case. A person claiming title under such sale must show affirmatively that everything has been done which the law and ordinances of the city require to be done.

Judgment reversed.