## JOHNSON v. PHILLIPS & COMPANY.

1. Section of the code 893, declaring that the deed or bill of sale made by an officer for State and county taxes shall be just as valid as if made under ordinary process of law issuing from the superior court, has no application to deeds made by a municipal officer founded on sales ·for municipal taxes. *Ansley* v. *Wilson,* 50 *Ga.* 418. It is not apparent that this question was raised in *Verdery* v. *Dotterer,* 69 *Ga.* 194, and certainly there was no direct ruling upon it in that case. In *Shackleford* v. *Hooper,* 65 *Ga.* 366, the sale, as appears from the transcript of the record, was for State and county taxes. Nothing in the act of 1877 touching sales for municipal taxes (Code, §§3656a to 3656f ) operates to change the rules of evidence previously applicable to such sales or to deeds founded thereon.

2. In the absence of statutory· aid, the recitals in a tax deed that the preliminaries of a valid sale (such as notice, advertisement, etc.) were observed, are not evidence of the facts recited. Cooley on Tax. (2d ed.) 517; Burroughs on Tax. ₂119; 2 Desty on Tax. 948; 2 Blackwell on Tax Titles, §§844, 845; 2 Devlin on Deeds, §1421; Williams *v.* Peyton, 4 Wheat. 77.

3. The possession of a defendant in *fi. fa.* of the premises on which he resides after judgment has been rendered against him, is presumptively a possession as owner; and any charge of the court referring to tenancy would be irrelevant in the absence of evidence on which to found it.        *Judgment affirmed.*

May 16, 1892. By two Justices.

Municipal tax sales.     Evidence.     Possession.     Charge of court.     Before Judge MARSHALL J. CLARKE.     Fulton superior court.     September term, 1891.

Claim was interposed by Johnson to the levy of an execution in favor of Phillips & Co. against Jennings. The property was found subject, and the claimant excepted.

1. Error is assigned upon the first sentence of the following charge to the jury: "If it appears from the evidence that at the date of the rendition of the judgment, that is the 26th of January, 1886, or that any time thereafter, the defendant Jennings was in possession of the property, this would be sufficient to authorize you to find a verdict that the property levied is subject to the

execution. On the other hand, if it appears from the evidence that Jennings was not in possession at the date of the judgment, nor any time thereafter, then you should find in favor of the claimant." Also, upon the refusal of the court to give the following charge as requested : "The possession of the defendant in *fi. fa.* of the premises in dispute, which the plaintiff must prove in order to cast the *onus* on the claimant, must be a possession in the right of the defendant in *fi. fa.*, and not his possession in right of another. If the possession of the defendant in *fi. fa.* proved is his possession as tenant of the claimant, or as tenant of some one else, it is not such a possession as casts the *onus.*"

The execution was founded on a judgment obtained January 26, 1886, and was levied February 17, 1887, on a parcel of land 60 by 100 feet more or less, on the corner of Markham and Walnut streets in the city of Atlanta. Phillips testified : About a month after his judgment was obtained he went to see Jennings and found him on the lot levied, living there ; he had lived on the lot some time before. There was an old house on it. Could not say whether or not Jennings at that time was the tenant of the claimant or of any other person. Jennings has left this community and has not been living here for some time. After he left here, witness went to the lot and found some colored persons in possession of the lot, one of whom stated he was a brother of Jennings, and this person said that he was paying the claimant rent for the premises. The lot levied is worth at least $600. It could be divided from the 60 feet front back into two lots, and from the long line back it could be divided into four lots. Lots in that part of the city have usually at least 50 feet front. Witness with his sister owns some property on another street in the same part of the city, and this property is divided into lots of 22½ feet front, each lot occupied by

tenants. The execution is for $90 principal, $3.90 interest to date of judgment, $9.39 attorney's fees, and $2.10 costs.

2. The other assignment of error is upon the ruling of the court that the evidence adduced by the claimant for the purpose of establishing a title to this property derived from a tax sale, is altogether insufficient. From this evidence it seems that an ordinance of the city of Atlanta authorized the laying of a tax on realty of one and a half per cent. for the year 1885, such property to be subject to the tax on the 1st of April. On September 21, 1885, the city clerk issued an execution directed to the city marshal and bearing test in the name of the mayor, against Jennings, the defendant in the execution now levied, for $6.15, the amount of his city tax for 1885, with costs, which tax execution was levied by the marshal on the premises in dispute. On November 3, 1885, the marshal made a deed of conveyance of the premises to the city, reciting the levy just mentioned, notice of the same agreeably to law, public advertisement, and sale at public outcry on the first Tuesday in November, 1885, within the legal hours of sale, at the court-house door in said city, first offering 10 feet front and receiving no bid, then making successive offers of 20, 30, 40, 50 and 60 feet front, and then the whole of the lot, and receiving no bid, and then knocking off the lot to the city as the highest bidder for $15.30. On November 15, 1886, the council of the city adopted a resolution, that the property purchased by the city at marshal's sales for city taxes and held by the city for one year, and which had been reported by the clerk to the mayor and council at that meeting (describing said property and including the property now in dispute), be advertised by the tax committee of the council for sale on the first Tuesday in January, 1887, and, after having been so advertised, sold at public outcry at the

court-house door to the highest bidder, and quit-claim
deed made to the purchaser by the mayor, all of the
action to be in conformity with the city ordinances and
the charter.    On January 4, 1887, the city by the mayor
made a quit-claim deed of the premises to Woodward
and Gatins in consideration of $51, reciting the above
mentioned levy, purchase by the city at marshal's sale,
resolution of the council, and a sale at public outcry by
the tax committee, after advertisement as required by
law, in front of the court-house on the first Tuesday in
January, 1887, between the legal hours of sale, and
purchase by Woodward and Gatins, they being the
highest bidder, said purchase and sale being in pursu-
ance of the act of the General Assembly approved Feb-
ruary 27, 1877, and the ordinances passed in pursuance
thereof.    On January 21, 1887, Woodward and Gatins
made to the present claimant a quit-claim deed to the
premises in consideration of $100.    A city tax ordinance
for the year 1887, similar to the one for 1885, appeared
in evidence ; also a tax execution for 1887, like the one
above described, against the present claimant, for $7.13,
his tax for that year, with like levy on the same prem-
ises by the marshal ; also a marshal's deed dated No-
vember 1, 1887, to the city of Atlanta, reciting the last
mentioned levy, and containing recitals similar to those
in the marshal's deed above described, except that it
states that the lot was knocked off to J. S. Owens for
$20, he being the highest bidder, said marshal conveying
all the right, title and interest of the said Johnson in
said lot to said J. S. Owens.    On September 18, 1888,
J. S. Owens made a deed to the claimant to the lot in
controversy.    The claimant also introduced sections
807, 816, 817, 822, 826, 827, 828, 829 and 836 of the or-
dinances of the city of Atlanta, touching the assessment,
levy and collection of taxes, and the sale of property
therefor, as authority for the proceedings before set out.

v 89 19

The plaintiffs in execution introduced sections 832, 833 and 834 of the city ordinances, on the same subject.

BIGBY, REED & BERRY and WESTMORELAND & AUSTIN, for plaintiff in error.

BROYLES & SON. by brief, *contra.*