ELDER, revenue collector, *et al.* v. CHAMBLISS.

BELL, Presiding Justice. 1. Where an owner of a city lot sought to enjoin a sale of it under a municipal tax execution, alleging that the execution had been satisfied by a previous sale of other property under the same execution and for an amount sufficient to pay it in full, the city itself being the purchaser and accepting a deed from the marshal accordingly, and alleging further that at the time the plaintiff purchased the property in question she relied on these facts as showing that the tax execution had been fully paid and satisfied, the petition stated a cause of action, and was not subject to demurrer on the ground that it failed to allege that the taxes on the property claimed by the plaintiff had been paid by her or any one else, or that she had offered to pay the same. *Jinks* v. *American Mortgage Co.,* 102 *Ga.* 694 (28 S. E. 609).

2. Whether the tax sale appeared to be valid or invalid, yet the city, under the facts alleged, had apparently received a satisfaction of the

entire execution by means thereof, and as against the city the plaintiff was entitled to act upon that theory in purchasing the tract in question. This is true for the reason, if not for others, that under the rule caveat emptor, if an individual instead of the city had been the purchaser at such tax sale, the consideration paid by him could have been retained by the city as payment of the execution, and could not have been recovered by such purchaser even if the sale had proved to be invalid; and the present case is not different on principle merely because the city itself instead of an individual became the purchaser at such tax sale. See Code, § 92-4403; *Pittman Construction Co.* v. *Marietta*, 177 *Ga.* 573 (170 S. E. 669, 172 S. E. 644). The court did not err in overruling the general demurrer to the petition.

3. Although the evidence on the trial may have shown that such tax sale and the deed made to the city in pursuance thereof were void for some reason, as failure of the city marshal to comply with an ordinance requiring him to give to the owner or tenant in possession written notice of the levy, and that the mayor and council, deeming the deed to the city to. be void for such reason, passed a resolution purporting to cancel it, these additional facts would not alter the case between the plaintiff and the city as related to the property in question, such action by the mayor and council being subsequent to the plaintiff's purchase; and the plaintiff having no notice that any such action was intended. The evidence was sufficient to support the allegations of the petition; and trial by jury having been waived, the judge did not err in finding in favor of the plaintiff, and in granting a permanent injunction.

4. The case differs on its facts from *Ansley* v. *Wilson*, 50 *Ga.* 418, *McPhee* v. *Venable*, 77 *Ga.* 772, and similar cases, where sales under municipal tax executions were attacked by owners of the property sold or other persons adversely affected thereby.

5. While the instant case may be, and is, decided without reference to the act of March 24, 1939, it is noted that this act repealed Code § 92-4407, relating to recitals in municipal tax deeds, and in lieu thereof provided as follows: "The recitals in a deed under a sale of municipal taxes shall be prima facie evidence of the facts recited therein." Ga. L. 1939, p. 226; Code Ann. 1941, § 92-4407. As to sales for municipal taxes generally, as distinguished from sales under executions for state and county taxes, see Code, § 92-4401; *Brooks* v. *Rooney*, 11 *Ga.* 423, 427, 429 (56 Am. D. 430); *Ansley* v. *Wilson*, 50 *Ga.* 418; *Byars* v. *Curry*, 75 *Ga.* 515; *McPhee* v. *Venable*, 77 *Ga.* 772; *Johnson* v. *Phillips*, 89 *Ga.* 286 (15 S. E. 368); *Herrington* v. *Tolbert*, 110 *Ga.* 528 (35 S. E. 687); Land *v.* Banks (Tex. Com. App.), 254 S. W. 786, 30 A. L. R. 1, note; Johnson *v.* Lake, 162 Miss. 227 (139 So. 455, 88 A. L. R. 262, note); Seward *v.* Fisken, 122 Wash. 225 (210 Pac. 378, 27 A. L. R. 1208, note); Farrow *v.* Charleston, 169 S. C. 373 (168 S. E. 852, 87 A. L. R. 981, note); 26 R. C. L. 394, § 354; 61 C. J. 1119, 1180, §§ 1519, 1593.

*Judgment affirmed. All the Justices concur.*

No. 14260. November 18, 1942. Rehearing denied December 3, 1942.

*J. C. Savage, E. L. Sterne, J. C. Murphy,* and *Frank A. Hooper Jr.,* for plaintiffs in error. *Tye, Thomson & Tye,* contra.