### E. F. McGehee et al. *v.* Major W. Martin.

53    519
90    536

53    519
92     59

1. Tax Sale. *Day of sale.*
   A tax sale made on a day other than that provided by law confers no title.

2. Supreme Court. *Practice. Error in admitting evidence.*
   Where, in an action of ejectment, the weight of evidence on other points being with the plaintiffs, the defendant was allowed to introduce a void tax deed, purporting to convey title out of the plaintiffs, pending the litigation, and the jury were instructed as to the necessity of the plaintiffs having title at the time of verdict rendered, a verdict for the defendant will be set aside, and a new trial awarded.

3. Witness. *Party incompetent against estate of decedent.*
   Under the rule in *Jacks* v. *Bridewell*, 51 Miss. 882, the testimony of the defendant to establish his claim to the lands, by proving the execution of a deed, is of questionable admissibility in an action of ejectment against him by the heirs of the decedent.

4. Evidence. *Admissibility. Objection must be made.*
   Objections to the admissibility of evidence not made in the court below cannot be noticed by this court, and the rule applies to the testimony of a party seeking to establish his claim against the estate of a deceased person.

Error to the Circuit Court of Union County.

Hon. W. D. Bradford, Judge.

This was an action of ejectment by the heirs of John S. McGehee, against M. W. Martin. The plaintiffs showed a regular chain of title from the United States, down to John S. McGehee, and proved they were his heirs. The defendant, as a witness in his own behalf, testified that he saw one May sign a deed conveying the land to him. And the deed, not acknowledged, proved or recorded, on this testimony alone was admitted in evidence, without objection, on the ground of the incompetency of the party to establish his own claim against the estate of a deceased person, being made. The other facts appear in the opinion of the court. From a verdict and judgment for the defendant the plaintiffs bring the case to this court.

*Wilson & Carr*, for the plaintiffs in error.

1. An unrecorded deed is not admissible without *due proof* of its execution. *Lock* v. *Jayne*, 10 George, 157 ; Code, § 2302. See *Sicard* v. *Davis*, 6 Pet. 126 ; *Greenleaf* v. *Birth*, 6 Pet. 304.

2. The tax deed was void on its face. Code 1857, p. 73, art. 19 ; p. 79, art. 35.

3. The charges for the defendant tended to mislead the jury, and should not have been given.

*Harris & George*, for the defendant in error.

1. It is not perceived that there is any objection to the defendant's charges : none is pointed out.

2. The testimony, conflicting, was fairly submitted to the jury. They have decided on the weight and credibility of the witnesses ; and this court has no power to interfere.

Chalmers, J., delivered the opinion of the court.

Inasmuch as the plaintiff in ejectment must show title in himself at the termination as well as at the institution of the suit, the defendant in the case at bar introduced in evidence a tax-collector's deed, showing that the land in controversy had been sold for unpaid taxes pending the litigation.

This deed was void upon its face, and should have been

excluded; it showed a sale by the tax-collector, made on 7th of August, 1871. By the act of March 3, 1871 (p. 759), the first Monday of July was fixed as the day for selling lands delinquent for taxes, and by subsequent act of May 4 (acts of 1871, p. 690), the day of sale was postponed thirty days. The first Monday in July, 1871, was the third day of the month. Thirty days thereafter would be the 3d of August, which is the day on which the sale should have taken place. It is well settled that a tax sale made on the wrong day confers no title. *Tebault* v. *Britt*, MS.

We must think that the improper admission of the deed, accompanied as it was by an instruction informing the jury of the necessity that the plaintiffs should have title at the time of verdict rendered, controlled the result, since upon the other questions litigated the weight of evidence seems to be with the plaintiffs.

Under the decision in *Jacks* v. *Bridewell*, 51 Miss. 881, the testimony of the defendant Martin is of very questionable admissibility, but no objection having been made to it in the court below, we cannot notice it here.

*Judgment reversed and new trial awarded.*