PLANTERS' GIN & MILLING CO. *et al. v.* CITY OF GREENVILLE *et al.*[*]

(Division A.   April 13, 1925.)

[103 So. 796.   No. 24747.]

1. MUNICIPAL CORPORATIONS. *Power to extend boundaries by ordinance limited by statute as to time when ordinance takes effect.*
The power granted a municipality by section 3301, Code of 1906, to extend its boundaries by an ordinance, is necessarily limited by other statutes which prescribe when and under what circumstances such an ordinance can become operative. Consequently, the extension by chapter 308, Laws of 1920, of the provisions of that section to all municipalities, necessarily carries with it the limitation on the power of municipalities to adopt ordinances extending their boundaries contained in section 3302, Code of 1906, which expressly provides that, "The ordinance adopted in the preceding section shall not become operative until, . . . " etc.

2. APPEAL AND ERROR. *Decree of chancery court, rendered on conflicting evidence, not set aside on appeal unless manifestly wrong.*
The decree of a chancery court, rendered on conflicting evidence, will not be set aside unless manifestly wrong.

3. MUNICIPAL CORPORATIONS. *Indorsement by city clerk of filing of assessment roll not necessary to validity of roll filed.*
Where the charter of a municipality requires the assessor to file the assessment roll with the municipal clerk, but does not require the

clerk to indorse the filing thereof thereon, such an indorsement is not necessary to the validity of the roll, provided the roll was in fact filed.

4. MUNICIPAL CORPORATIONS. *Failure of assessor to certify and swear to assessment roll does not affect validity.*
   The failure of a municipal assessor to certify and swear to his assessment roll, as required by the municipal charter, does not affect the validity of the roll after it has been approved by the municipal council.

5. MUNICIPAL CORPORATIONS. *Assessment of property partly within and partly without municipality void.*
   An assessment in gross by a municipality for taxation of property partly within and partly without the municipality, is void.

6. MUNICIPAL CORPORATIONS. *Publication of filing of assessment roll not necessary in absence of statute.*
   Where section 25, Charter of City of Greenville, adopted in 1900, referred to amendments of revenue chapter of Code 1892, of which section 3791 made filing assessment roll notice of such fact, and of contents, and publication of notice of such filing, and of meeting of board at which they will be approved, was first required in Code 1906, section 4303 (Hemingway's Code, section 6937), such publication was not required to render taxes assessed by city valid.

7. MUNICIPAL CORPORATIONS. *Taxpayers cannot complain of assessor's failure to swear to assessment roll.*
   Assessor's affidavit as to correctness of assessment roll, is not for protection of taxpayers, and they cannot complain of failure to make such affidavit, in view of Code 1906, section 4291 (Hemingway's Code, section 6926), making failure to verify assessment roll immaterial on approval by board of supervisors.

---

*Headnotes 1. Municipal Corporations, 28 Cyc., p. 201 (1926 Anno), 1700; 2. Appeal and Error, 4 C. J., Section 2869; Municipal Corporations, 28 Cyc., p. 1700; 3. Municipal Corporations, 28 Cyc., p. 1700; 4. Municipal Corporations, 28 Cyc., p. 1700; 5. Municipal Corporations, 28 Cyc., p. 1677; 6. Municipal Corporations, 28 Cyc., p. 1700; 7. Municipal Corporations, 28 Cyc., p. 1700.

APPEAL from chancery court of Washington county.
HON. E. N. THOMAS, Chancellor.

Suit by the Planters' Gin & Milling Company and others against the city of Greenville and others. From

decree dismissing original bill and dissolving temporary injunction, plaintiffs appeal. Reversed in part, and final decree entered.

*B. B. Carmichael,* for appellants.

### I.

Appellee, in adopting the ordinances in question, proceeded on the theory that section 3301, Code 1906, Hemingway's Code, sec. 5797), was legally amended by chapter 308, Laws 1920, so as to apply to cities operating under a special charter and, that section 3444, Code 1906, (sec. 6004, Hemingway's Code) which was adopted in direct response to section 88, Constitution 1890, might be disregarded; notwithstanding, section 6004, Hemingway's Code, created a vested right, and, provided the only method by which the electors of Greenville could prevent a proposed ordinance or amendment to the Greenville Charter becoming operative. Since Greenville has, for many years, operated under a special charter, I insist that section 3444, Code 1906 (sec. 6004, Hem. Code) being section 3039, Code 1892, provides the only *modus* by which a city governed by an independent charter has a right to amend such charter and change the corporate boundaries made a part of such charter.

Since neither of the ordinances complained of were submitted to the Governor, Attorney-General, or, recorded by the secretary of state, as required by section 6004, Hemingway's Code, and the electors of Greenville never having been given the right to object to the adoption of said ordinance expressly conferred by this section, if the ordinances have any validity or standing for any purpose it must clearly appear that section 6004, has been repealed, modified or amended, in some way; otherwise, they are void, even thought it be conceded the description of boundaries is not indefinite and uncertain. See *Williams* v. *Vicksburg,* 76 So. 838.

The answer of appellee admits the ordinances in question, were adopted under section 5797, Hemingway's Code, and insists on the validity of the amendment of this section by 308, Laws 1920. Section 5797, Hemingway's Code (sec. 3301, Code 1906), was adopted expressly for the benefit of municipalities operating under the code chapter—indeed, section 6000 expressly withholds the benefits of the code chapter from special charter cities, unless such cities have elected to come under the code chapter.

I insist that chapter 308, Laws 1920, attempts, by blanket amendment, and simple reference to code section and the title of the section, to amend, as therein stated, section 3301 so as to apply to all municipalities. It seems very clear that this attempted amendment fails to measure up to the requirement of section 61. This view is fully supported by the rule announced in the case of *Seay* v. *Laurel* (Miss.), 71 So. 9. Too, it will be observed that this amendment, if otherwise valid, is in derogation and conflict with a much older law, on one and the same subject, which, so far as we are concerned, has not been repealed or modified, which I insist controls, being section 3039, Code 1892, section 3444, Code 1906, and section 6004, Hemingway's Code.

To insist that appellee was not bound to follow the method prescribed by the above sections, two propositions must have coexisted, i. e., that the above section has been repealed by implication, and that section 3301, Code 1906 (sec. 5797, Hemingway's Code was legally amended to apply to special chartered cities by chapter 308, Laws 1920.

"Repeals by implication are not favored. The former law, unless changed, by express enactment, or clear implication, remains in force. *Ponds* v. *State*, 49 Miss. 1; *Beard* v. *Lee County*, 51 Miss. 542; *Smith* v. *Vicksburg*, 54 Miss. 615; *Deaton* v. *Burkhart*, 59 Miss. 144; *State, etc.* v. *Aberdeen*, 56 Miss. 518: *State ex rel. etc.* v. *Creswell*, 78 So. 770. The law does not favor a repeal by im-

plication; and hence, where two statutes are seemingly repugnant, they must be so construed, if possible, that the latter shall not be a repeal of the former by implication. *McAfee* v. *Ry. Co.,* 36 Miss. 669; *Ry. Co.* v. *Jackson,* 38 Miss. 334.''

So if correct in my interpretation of the law, the tax assessments complained of are, for the above reasons alone, void, because levied under a void ordinance and therefore as a necessary result the tax collector was without power to make a valid sale of the lands in question and appellee has no right to trample under foot the salutary, wholesome and beneficent vested rights of the appellants to object to the amendment of the charter of Greenville conferred. Section 6004, Hemingway's Code.

## II.

By the special charter of Greenville, sections 18, 20, and 21, page 24 of City Code, March 15, is fixed as the date a lien for taxes attaches for the fiscal year; therefore, the charter itself lifts Greenville out of the provisions of law which would otherwise obtain. No assessments were made against appellant's property for city taxes prior to the year 1923, that is, they were not assessed for the year 1922, under the Ordinance of February 8, 1922, and, the purported assessment roll for 1923 was not required to be made up until the first Monday in July; therefore, since the ordinance of May 1, 1923, purported to be effective June 1, 1923, being a time after the date fixed by law for tax liens, a valid tax could not be levied and collected against appellant's property for the year 1923, sought to be done in this case. *City of Gulfport* v. *Todd,* 92 Miss. 428, 46 So. 641.

## III.

INDEFINITE AND UNCERTAIN BOUNDARY. Even if the Ordinances purporting to extend the city limits of Greenville are not void by reason of the failure to adopt the same under the provisions of section 6004, Hem-

ingway's Code, the appellants in this case should have won, hands down, on the issue that the description of corporate boundaries set out in the Ordinances complained of wholly fail to define with certainty the property included within its calls, but on the contrary are doubtful, uncertain, indefinite and fail to come within the classification of a closed survey and therefore void. *Newman* v. *Foster, etc.*, 3 How. (Miss.) 383; *Bowers* v. *Anderson*, 52 Miss. 596; *Carmichael* v. *Foley*, 1 How. (Miss.) 591; *Preacher* v. *Strauss*, 47 Miss. 365; *Plantation* v. *Bean*, 40 Me. 218; *State* v. *Tucker*, 48 Mo. App. 351.

All the authorities agree that a corporate boundary must be closed in some way, or the description is void; that to come within the classification of a closed survey, the lines must at some time have been surveyed and marked on the ground, and, above all the description must furnish a clue that will identify the boundary with certainty. The description and boundary under consideration is wholly lacking in each of these material essentials.

## IV.

ASSESSMENT ROLL VOID—ASSESSOR FAILED TO GIVE NOTICE. The duties required by the tax assessor for Greenville are the same required by county assessors, made so by the special charter of Greenville, page 26, City Code.

Thus it appears that the city tax assessor for Greenville, if his rolls are to be valid, must comply with chapter 116, Code of 1892, and the amendments thereto, and give notice by publication, as required by section 6937, Hemingway's Code, of the filing of his rolls and the date of the meeting of the council to consider the same. Too, it will be noted from section 26 of the Greenville Charter, taken in connection with the above section 25, that the city council and the assessor are placed on the identical same footing as the board of supervisors and county assessor.

That the city tax assessor did wholly fail to give the notice required by law of the filing of his rolls for the year 1923 is not a matter of dispute in this case because it is admitted, by agreement. This notice, as interpreted by this court, "is in lieu of personal summons," and the failure to give the notice, when by express provisions of the Greenville Charter the city tax collector was bound by the general revenue laws of the state and their amendments, rendered the assessment rolls void. *Smythe* v. *Whitehead,* 97 So. 529; *Cameron* v. *Whittington,* 120 Miss. 595, 82 So. 311.

Under the rule announced in the above cases, the appellants have been denied the constitutional right of due process of law as defined by section 14, Mississippi Constitution and section 5 of the Amendment to the federal Constitution. The appellants' rights under section 24, Constitution of Mississippi, have been invaded and they have been denied a remedy, by due course of law, for redress of grievances.

Unless the assessment rolls are filed on the date required by law and approved at the proper time they are void. *Stovall* v. *Conner,* 58 Miss. 138, cited in *Meechum* v. *McInnis,* 60 Miss. 946, and *Griffin* v. *Ellis,* 63 Miss. 351; *Davis* v. *Vanarsdale,* 59 Miss. 367; *Wammack* v. *Lumber Co.* (Miss.), 94 So. 2. The Greenville tax assessor failed to comply with a single condition precedent to the validity of his roll—a valid sale of appellants' land could not be predicated on such a roll and the chancellor should have declared the assessments void and retained the injunction.

## V.

ASSESSMENTS BASED ON PROPERTY WHOLLY OUTSIDE CORPORATE BOUNDARIES The appellants in this case, without contradiction, made positive proof that the assessments and the valuations thereon, complained of in this case, were based on an assessment of about one-third of the property of both the Planters Gin & Milling Com-

pany and that of the Buck Shot Brick Company, which was wholly outside of any of the calls of corporate limits shown in the ordinances:

"In accordance with the unanimous course of decisions, in all the courts of the other states, a valid title to real estate cannot be obtained by a sale for a tax a portion of which is illegal and void, and a portion of which is legal. So uniform are the decisions a discussion is considered supererogatory." *Dogan* v. *Griffin,* 51 Miss. 782. Cited and approved in *Shattuck* v. *Young,* 52 Miss. 834; *Gamble* v. *Witty,* 55 Miss. 26. "A county tax collector is without power to sell lands beyond the limits of his county." *Morrison* v. *Casey,* 34 So. (Miss.) 145.

If this case had presented no issue other than the fact that the tax collector was advertising a sale of appellants' property, a large portion of which was outside of the city limits, the chancellor under well-settled principles should have decided for the appellants and retained the injunction.

*Van B. Boddie,* for appellees.

## I.

VALIDITY OF ORDINANCES. Counsel takes the position that section 3444, Code of 1906 (sec. 6004, Hemingway's Code), must be followed by cities operating under special charters in extending or contracting the corporate limits, and the city of Greenville being under a special charter could not proceed under section 3301, Code of 1906 (sec. 5797, Hemingway's Code), and this notwithstanding the fact that chapter 308, Laws of 1920 made section 3301, Code of 1906, apply to all municipalities. The legislature has therefore provided by general law the way in which any municipality may extend or contract the limits and boundaries, and this is not in violation of any section of the Constitution. Under section 3441, of Code of 1906, section 3301 was made to apply to

all municipalities, and the Act of 1920 simply made other sections of the Code applicable to all municipalities.

Counsel makes the point that the sections following section 3301, Code of 1906, providing when the ordinance shall become operative and for appeal, etc., were not made applicable to all municipalities in any event and therefore section 3301, Code of 1906, could not be of any value to cities under special charters. It must follow, however, that the sections following section 3301 do apply, they refer to section 3301, of course, and become a part thereof. These sections were carried forward into the Code of 1906 from chapter 103, Laws of 1902, and all refer to the same subject—that is "Limits and Boundaries." If they do not apply, I say the ordinance became effective when published under the charter of the city of Greenville, and appellants had their right of appeal therefrom as then provided by law without reference to section 3303 of the Code of 1906.

## II.

DATE OF TAX LIEN. If it could be said that by reason of the city of Greenville contracting the limits of the city by ordinance May 1, 1923, the property of the appellants taken into the limits by ordinance of February 8, 1922, was not taxable for 1923, then it could just as well be said that all of the property in the city limits could not be taxed for the year 1923 for the reason that the ordinance of May 1, 1923, contracted the city limits after March 15th of that year. If the property of appellants had been included in the city limits by the ordinance of May 1, 1923, and left out of the ordinance of February 8, 1922, then it would not have been taxable for the year 1923, and the case of *Gulfport* v. *Todd,* 92 Miss. 428, would apply. There is no merit in this contention.

## III.

INDEFINITE AND UNCERTAIN BOUNDARY. There can be no question that the property of appellants was defined

with certainty, and while there are some irregularities in the description of the entire boundary of the corporate limits as changed, the boundaries as changed can be located. At the points complained of the boundary line is the old boundary line of the city of Greenville, and the same boundary fixed by the original charter. *Potts* v. *Canton Cotton Warehouse Co.,* 70 Miss. 462.

## IV.

Assessment Roll Void—Assessor Failed to Give Notice. The record shows the city assessor did not make affidavit to his assessment roll, but this is cured by the approval of the roll by the city council. Section 4292, Code of 1906 (sec. 6926, Hemingway's Code), section 3783, Code of 1892. The assessment roll was filed with the clerk as shown by the agreement in the record that the city clerk gave notice by publication of the filing of the roll with him. So there is no merit in the contention that the affidavit was not made and that the roll does not show by whom made, etc., and that it was filed.

The assessor did not give the notice of the filing of the roll with the city clerk, and the date of the meeting of the council to consider the same, but I contend this notice is not necessary and the failure to give the notice by the city assessor does not invalidate the assessment as is the case in the county assessments. Section 24 of the Charter of city of Greenville. The city assessor is therefore required to file his rolls on or before the first Monday of July; to follow as near as practicable the forms and requirements of the general revenue laws of the state and his duties and powers are the same as those of county assessors by chapter 116, entitled "Revenue," of the Annotated Code of 1892 of the Laws of the state of Mississippi and the amendments thereto.

## V.

Assessment Based on Property Outside Corporate Boundaries. There is certainly no merit in the conten-

tion of appellants on the point. If their property was overvalued, and if they were assessed with more property than they owned within the limits of the city of Greenville, then they had their remedy, but not by an injunction enjoining the sale of the property within the city limits properly assessed and properly advertised for sale for non-payment of the taxes thereon.

I submit there is nothing in the record to show the valuation of the property of appellants was based on property of appellants wholly outside the city limits. There is nothing to show the valuations were not fair. The city was, of course, only assessing that part of the property of appellants within the corporate boundaries.

Argued orally by *B. B. Carmichael*, for appellants.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree dismissing an original bill, and dissolving a temporary injunction issued thereon, wherein the appellants seek to recover one hundred and fifteen dollars paid the city tax collector on an assessment for taxes on personal property by the city alleged to be void and to enjoin the city tax collector from selling certain real property for municipal taxes claimed thereon, the assessment of which is also alleged to be void.

In February, 1922, an ordinance extending the limits of the city of Greenville was passed. This extension brought within the city limits the greater part, though not all, of the appellants' real property here in question. In May, 1923, by another ordinance the city limits were contracted so as to exclude certain property therefrom, but not that here in question. The assessment is for the taxes of 1923, the objections thereto being that:

(1) The ordinance of February, 1922, by which the city limits were extended is void: (a) Because it is an amendment to the city's charter and not adopted in ac-

cordance with the provisions of section 3444, Code of 1906 (Hemingway's Code, section 6004) ; and (b) because the boundaries of the city are not therein definitely and certainly defined.

(2)   That the municipal assessment rolls of 1923 were not filed with the clerk of, nor approved by, the city council, and that no affidavit of the assessor is appended thereto that he faithfully made an assessment of all the property in said city liable to assessment which came to his knowledge after diligent inquiry.

(3)   That notice of the filing of the assessment rolls with the city clerk and the date of the meeting of the city council to consider the same were not published by the assessor.

(4)   That part of the real property here assessed, and which the tax collector is about to sell for the taxes thereon, is not within the corporate limits of the city of Greenville.

The city of Greenville is governed by a charter, and the only sections of the Code chapter on municipalities which apply thereto are those made applicable to all municipalities by section 3441, Code of 1906 (Hemingway's Code section 6001), as it now appears in chapter 308, Laws of 1920. Among the sections of the chapter on municipalities which by chapter 308, Laws of 1920, are made applicable to all municipalities, is section 3301, Code of 1906 (Hemingway's Code, section 5797), which provides for the extension of the boundaries of a municipality by an ordinance adopted by it for that purpose. But it is said that chapter 308, Laws of 1920, fails to extend to all municipalities the provisions of section 3302 et seq., Code of 1906 (Hemingway's Code, section 5798 et seq.), which set forth the circumstances under which an ordinance adopted under section 3301 shall be come effective, and consequently the scheme therein pro vided for the extension of municipal boundaries is incomplete and ineffective. There is no merit in this contention. The power granted a municipality by section 3301 to ex-

tend its boundaries by an ordinance is necessarily limited by other statutes which prescribe when and under what circumstances such an ordinance can become operative, and section 3302 expressly provides that "the ordinance adopted in the preceding section shall not become operative until," etc.

The evidence as to whether or not the ordinance by which the limits of the city were extended clearly and definitely sets forth the city boundaries is conflicting to such extent that we are unable to say that the court below erred in upholding the ordinance.

Section 26 of the City's Charter provides: "That on or before the first Monday of July of such year the assessment rolls required to be made, shall be filed with the clerk with the assessor's affidavit appended thereto, that he has faithfully made an assessment of all the property in said city liable to assessment, which has come to his knowledge after diligent inquiry."

The city's tax collector was introduced as a witness and identified the assessment roll from which he was collecting taxes, but it does not appear therefrom whether this is the original or a copy, or that it was ever filed with the city clerk. There is no affidavit by the assessor as to its correctness appended thereto.

The charter requires the assessment roll to be filed with the clerk, but not that he shall indorse its filling thereon, and it appears by agreement of counsel that the roll was in fact filed with the clerk and approved by the city council. This is sufficient.

The assessor's affidavit as to the correctness of the roll is not for the protection of the taxpayers, and the assessor's failure to comply therewith is of no consequence to them; consequently they cannot complain thereat. Any doubt as to this, in so far as the county assessment rolls are concerned, is removed by section 4291, Code of 1906, (Hemingway's Code, section 6926).

Section 25 of the City's Charter provides:

"Within the corporate limits of the city of Greenville the assessor of said city is vested with all the power and

authority and is hereby required to perform all of the duties required of county assessors by chapter 116, entitled 'Revenue,' of the Annotated Code of 1892 of the Laws of the State of Mississippi, and the amendments thereto, and he shall be subject to all penalties therein contained, in and so far as they are applicable to the city of Greenville, except as changed by the provisions of this charter.''

. Section 4303, Code of 1906 (Hemingway's Code section 6937) provides: ''When the assessor returns and files the assesment rolls in the office of the clerk of the board of supervisors, he shall give notice thereof, and the date of the meeting of the board to consider the same, by publication in some newspaper published in the county, or if there be none, then by posting at the courthouse for the space of three weeks, and this shall be notice to all persons of the fact, and of the contents of the roll or rolls so filed; and all persons shall be held to have notice of the time within which to file objections to assessments and of the time when the board of supervisors will hear the same; and of its power to raise assessments thereat.''

This section did not appear in the Code of 1892 or any amendments thereof, but appeared first in the Code of 1906. The section of the Code of 1892 here relevant is section 3791, and reads as follows:

''The return and filing of the assessment rolls in the office of the clerk of the board of supervisors by the assessor shall be notice to all persons of the fact, and of the contents of the roll or rolls so filed; and all persons shall be held to have notice of the time within which to file objections to assessments and of the time when the board of supervisors will hear the same; and of its power to raise assessments thereat.''

Section 25 of the City Charter was adopted in 1900, and the amendments to the revenue chapter of the Code of 1892 therein referred to are, of course, the amendments thereto which were then in existence, and as here-

inbefore pointed out, in 1900 neither the revenue chapter of the Code of 1892, nor any amendment thereto, required the assessor to publish a notice of the filing of the assessment roll or of the meeting of the board of supervisors at which it would be approved.

The real property here involved consists of two separate and distinct tracts, one containing eleven and the other two acres. The assessment on each tract is in gross, and an appreciable portion of each (three acres of the eleven acre tract) is outside of the city limits. The city is, of course, without power to assess property not within its limits, and as the assessment here of that property which is within the city limits cannot be separated from that which is without, the whole assessment is void.

The court below committed no error in not permitting a recovery of the tax paid on the personal property, but should have made the injunction restraining the real property perpetual, and its decree, in so far as it dissolves the injunction and awards an attorney's fee therefor, will be set aside, and a final decree making the injunction perpetual will be rendered here.

*Reversed in part, and final decree here.*