METCALFE *v.* WISE *et al.*

(Division B.   Jan. 26, 1931.)

[132 So. 102.  No. 29178.]

**A. H. Turnage**, of Greenville, for appellant.

**Percy Bell,** of Greenville, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Appellant filed her bill to establish her tax title against appellees and to cancel as clouds the asserted title of appellees. The bill showed that the lot in question was sold for city taxes by the city tax collector, on the first Monday in April, 1926, and was unredeemed. The tax deed was made an exhibit, but the bill contained no averment that the original title had passed out of the government. It therefore stated no cause of action, and a final decree, although upon a decree pro confesso, would have been reversible, if not void. Lyon Co. v. Ratliff, 129 Miss. 342, 353, 92 So. 229; Griffith Chan. Prac., sections 219, 220.

However, appellees demurred on the very ground aforementioned, and the demurrer being overruled, appellees filed what is termed an "answer," in which the only denials or averments touching the tax deed or the tax title was the denial that complainant "is the owner of the land," and a denial "that the alleged sale of said land to complainant was a valid sale, and that said alleged tax deed conferred any title upon complainant." This was no more than a general traverse, and under section 380, Code 1930, was no answer at all. Wherefore if appellant had had a good bill and had ordered the case to the issue docket on bill and answer, as may be done, Griffith Chan. Prac., section 558, she would have been entitled to a decree.

Instead of taking the step last aforesaid, appellant moved ore tenus that appellees be required to make a more specific and complete answer, which motion was overruled. Whereupon appellees were allowed to prove by the municipal records that the city of Greenville, wherein the lot is located, is governed by a special charter and that at the time of the tax sale the date fixed by the ordinances of that city for tax sales was the first Monday in March, instead of the first Monday in April;

the case being controlled in that respect by the principles announced in Planters' Gin Co. v. Greenville, 138 Miss. 876, 103 So. 796. The court thereupon dismissed the bill; so that in the end the right result was reached upon the merits, and one which would inevitably follow upon a reversal, even though the procedure on a new hearing were corrected.

Affirmed.