## JOHNSON v. LAKE.

(Division B. Feb. 1, 1932.)

[139 So. 455. No. 29721.]

B. B. Carmichael, of Greenville, for appellant.

J. A. Lake, Jr., and **Wynn & Hafter,** all of Greenville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant filed his bill in the chancery court to cancel, as clouds on his title, an . adverse claim of title held and asserted by appellee. The title or claim of title asserted by appellee is founded on two tax sales made by the tax collector of the city of Greenville. The first of these sales was made on the first Monday, the 2nd day of April, 1923, and the˙ second on June 2, 1924. Neither of these sales occurred on the day regularly fixed by law for tax sales in the said! city; the ordinances of the city at that time providing under its special charter for tax sales on the first Monday in March. See Planters' Gin Co. v. Greenville, 138 Miss. 876, 103 So. 796; Metcalfe v. Wise, 159 Miss. 54, 132 So. 102. It has long been the settled rule in this state that a tax sale made on a day other than that provided by law. is void and of itself confers no title.

Appellee makes two defenses to the bill: First, that he had been in the actual occupancy of the land for three years after maturity of the last sale; and, second, that it was not shown by appellant that the sales were not held on a day or days to which, by a proper order of the municipal governing board, the said sales had been postponed.

On the first proposition of actual occupancy for the statutory period, a careful examination of the record discloses that there is not sufficient testimony to support the decree in behalf of appellee on that issue. · The course of the argument in the briefs would indicate that the chancellor did not base his decree on that ground, but on the second ground; namely, that it was not shown that the sales were not on dates to which the said sales had

been legally postponed by proper and valid orders. The question before us for decision is therefore this: When tax deeds are introduced and on their faces they show that the sales were made on days other than those regularly fixed by law, on whom does the burden of proof rest to show that the sales were, or were not, made on a date to which said sales were legally postponed by the proper order of the board of. supervisors or of the municipal authorities, as the case may be?

It is insisted by appellee that under section 1578, Code 1930, in force at the time of these sales, and which enacts that tax deeds "shall be prima facie evidence that the assessment and sale of the land were legal and valid," the presumption is carried that the sales were made on a valid day, even though the date of sale shown on face of the deeds would indicate that the sales were made on an unauthorized day. This direct question seems not to have been decided in this state; or, if so, no such case has been cited to us, and in our own researches in our reports we have failed to find a decision to the exact point. But the authorities in other states, in construing similar statutes, appear to be without division upon the question, and they hold that, when the tax deed appears upon its face to be void, the prima face statute has no application in respect to the apparently void feature. 37 Cyc. 1464; 4 Cooley on Taxation (4 Ed.) 3033, 3034. We must hold therefore that, when a tax deed shows on its face that the sale was made on a day other than that regularly fixed by law, the burden of proof is on him who claims under the tax deed to show the proper order or orders, if any exist, by which the sale was postponed to the date shown upon the face of the tax deed. Appellee did not meet, nor undertake to meet, that burden in this case.

Appellant argues in his brief that, aside from all the other questions, the said tax deeds are void for want of a sufficient description of the property. We are not

able to pass on this question, because of the fact that the maps which the record shows were used on the trial are not made a part of the transcript. In Hume v. Inglis, 154 Miss. 481, 486-489, 122 So. 535, we made a review of the rules of appellate procedure when essential maps and diagrams used on the trial are not made of record on appeal. We need not here repeat what was there carefully and amply stated on that subject.

Reversed and remanded.