BAILEY *et al. v.* McRAE.

(Division A.   Oct. 19, 1936.)

[169 So. 887.   No. 32328.]

**Clark & Clark,** of Iuka, for appellants.

C. B. Wright, of Belmont, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellants were defendants in an ejectment suit instituted against them by Dr. K. F. McRae, the appellee, and adverse judgment was rendered against them, from which they prosecute this appeal.

The land in controversy consisted of several lots in the town of Belmont. To maintain his suit the appellee offered in evidence letters patent showing title out of the United States, a plat of the town of Belmont, and a certified copy of a deed on record in the chancery clerk's office in that county. The deed is as follows:

"Chancery Clerk's Conveyance

"Land Sold for Taxes.

"State of Mississippi, County of Alcorn.

"Be it known that C. L. Pace, Tax Collector of said County of Tishomingo did, on the 4th day of May, A. D., 1931 according to law, sell the following described land, situated in said county assessed to Mrs. Mildred Bailey, to-wit:

"Lots 12, 13, 14, 15, 16, Block 10, Belmont.

"For the Taxes assessed thereon, for the year A. D. 1930 when Dr. K. F. McRae became the best bidder therefor, at and for the sum of Thirty Seven and 89/100 Dollars, ($37.89) and the same not having been redeemed, I therefore sell and convey said above described land to the said Dr. K. F. McRae.

"Given under my hand and official seal of office this the 7th day of Jan. A. D. 1933.

"C. L. Pace, Chancery Clerk.

"State of Mississippi, County of Tishomingo.

"Personally appeared before me, the undersigned au-

thority of law in and for the County and State, who acknowledged that he signed and delivered the foregoing instrument on the day and year therein mentioned.

"Given under my hand and official seal of office this the 7th day of June, 1933.

"Ollie Adams, Clerk."

At the close of appellee's evidence both the appellants and the appellee requested the court to grant them a peremptory instruction. The court granted the request of the appellee, and that action is assigned as error.

The argument for reversal is based upon two grounds: (1) That the deed "is not a tax collector's deed because as shown by the acknowledgment it does not show that anyone acknowledged the deed whatsoever and no one acknowledging the deed it was not an instrument subject to be recorded, and the appellee therefore acquired no title whatsoever by virtue of the purported deed;" and (2) that the deed shows on its face that the lands it purported to convey were sold on the 4th day of May, A. D., 1931, being a day other than that fixed by law for the sale of land for taxes.

It will be observed that the acknowledgment of the deed above set forth does not show that any one appeared before the officer before whom the instrument was acknowledged. We may leave out of view the defective acknowledgment as the decision of the case rests, in our judgment, on the fact that the deed as introduced was invalid and conveyed no title.

Section 3249, Code of 1930, provides how sales of land shall be made for delinquent taxes, and states that the sale there provided for shall be made on the first Monday of April. The lands here in question were sold, according to the recital of the deed, on the 4th day of May, 1931. Among other provisions found in section 3249 is the following: "But a sale made at the wrong time or at the wrong place shall be void."

Section 3273, Code of 1930, provides that the convey-

ance to individuals purchasing land at tax sales shall be executed by the chancery clerk, and that said conveyance shall vest in the purchaser a perfect title with the immediate right of possession to the land sold for taxes, and no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place. This court has frequently held that a deed which shows that the sale was had at the wrong time is thereby rendered invalid. McGehee v. Martin, 53 Miss. 519; Mead v. Day, 54 Miss. 58; Harkreader v. Clayton, 56 Miss. 383, 31 Am. Rep. 369; and Byrd v. McDonald (Miss.), 28 So. 847.

The appellee argues that section 1578, Code of 1930, makes the deed prima facie evidence of its validity. That section is as follows: "A conveyance made by a tax-collector to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, shall be prima facie evidence that the assessment and sale of the land were legal and valid." If it may be said, although unnecessary here to decide, that the above prima facie statute applies to a chancery clerk's deed made in pursuance of a tax collector's sale, still the statutes render any deed invalid wherein the sale upon which it is predicated was made at the wrong time by the tax collector. This deed recited a date of sale other than that provided for by the statute, and made complete the appellants' proof of such invalidity. If the sale had been continued by the sheriff from day to day, as provided in section 3249, or if the board of supervisors had entered an order directing the sale of lands not sold at the regular time to be sold on another day, as provided by section 3252, then it would have been incumbent upon the plaintiff in ejectment, the appellee here, to make such proof. See Mead v. Day, supra, wherein it is said that such contingency should have been averred or proved. The precise point was decided ad-

versely to appellee in Johnson v. Lake, 162 Miss. 227, 139 So. 455, 88 A. L. R. 262.

We do not think the case of Alvis v. Hicks, 150 Miss. 306, 116 So. 612, wherein a list of lands was offered in evidence and held to be sufficient to establish the title of the city to the lands sold to it, is applicable here. The list of lands contained no statement as to where the sale was made. In this case the deed was invalid on its face.

Reversed, and judgment for the appellants.