CITY OF BILOXI *v.* LOWERY.

(Division B. May 24, 1937. Suggestion of Error Overruled June 7, 1937.)

[175 So. 200. No. 32754.]

J. D. Stennis, Jr., of Biloxi, for appellant.

Corban & Grant, of Biloxi, for appellee.

Argued orally by **J. D. Stennis, Jr.**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

Appellee, as complainant, filed his bill in the chancery court to confirm his tax title to lot 17, block 3, Kellar's addition (Avondale) in the City of Biloxi, Harrison County. It was alleged in the bill that the land of which the described lot forms a part was patented by the United States on August 7, 1837, to the heirs of Chevalier Peytovin, the original entryman, and that on April 24, 1872, the heirs of Peytovin conveyed the land to John H. Kellar, by a deed of record in Book 12, pp. 458-60, of the deed records of Harrison County. That Kellar divided the land into blocks and lots and filed a plat thereof on June 15, 1895, which plat is recorded in Book 1, p. 2, of the record of plats in said county. That in the year 1930, the described lot was legally assessed for the years 1930-1 to the heirs of Pizatti, then the owners, the bill giving the page and line of the assessment roll where the assessment could be found. The bill averred in detail all the various steps necessary to

constitute a valid ad valorem assessment, and continued with the averment that the lot became delinquent for the taxes of 1931, but was not sold at the regular tax sale on the first Monday of April, 1932; and that thereafter the board of supervisors at its August, 1932, term, on a written petition of the tax collector, authorized the tax collector to sell this lot, with others delinquent, on the 19th day of September, 1932, and that there being no bidder for the said lot it was sold to the state.

The bill alleges that thereafter the list of lands sold to the state on said date, including the lot aforesaid, was filed with the chancery clerk of said county on the 14th day of October, 1932, and that the list remained on file for three years thereafter, and the lot was not redeemed from said tax sale. That on March 6, 1936, the state, acting through its lawful officers, naming them, sold the lot to complainant and delivered to him the forfeited tax-land patent of the state therefor, which patent was duly recorded in the county deed records on April 1, 1936. The bill contains many other averments not necessary to review here in detail, it being sufficient to say that, except as to the one item to be mentioned in the next paragraph hereof, the bill contained every averment necessary and proper in a bill to confirm a tax title.

It is not clear from the record what averments were made in the original bill in regard to the petition of the tax collector, and the order of the board of supervisors to sell this lot, and others delinquent, on September 19, 1932. It would appear from the demurrer filed by appellee, one of the defendants, that the alleged insufficiency raised by the demurrer, in the respect mentioned, was that the bill did not contain as an exhibit the petition and order aforesaid, and it would seem as best we can make out from the record that the bill was amended by interlineation so as to add the averment that the order of the board was recorded at p. 109 of Book 26 of the

minutes of the board, and a copy of the order is exhibited as a part of the interlined amendment as Exhibit D to the bill. But the order as exhibited was a simple copy, not certified.

The answer admitted that the taxes for 1931 were delinquent, and that the tax collector failed to sell the lot on the first Monday in April, 1932, but the answer, to quote, "denies that thereafter at the August term, 1932 an order was duly entered on the minutes of the board of supervisors of Harrison County fixing the 19th day of September, 1932, as the time for selling lands at tax sale on which the 1931 taxes have not been paid, and which land had not been sold at the April, 1932, sale." This constitutes a full and complete denial of the allegations of the bill amended by interlineation that the board of supervisors had made at its August, 1932, term, an order for the sale of this and other delinquent lots on September 19, 1932, and having thus made the denial it was not necessary for the defendant to repeat it after the interlined amendment. Had the complainant completely redrawn his bill, it may be that a new answer to the new bill would have been necessary, as to which we express no opinion, because no such case is before us. The point we decide is that when an original bill is amended by interlineation, and the answer has already denied the matter inserted by interlineation, it is not necessary to draw an additional answer, nor to repeat by interlineation in the original answer what is already therein contained.

We have already mentioned that the exhibit to the original bill, made as a part of the interlined amendment, was a simple copy of the order of the board at its August, 1932, term. The copy was not certified, and, on the trial, complainant failed to introduce the order by recourse to the minute book containing the same. The case stands before us, therefore, as if no such order had ever been made. In Johnson v. Lake, 162 Miss. 227,

232, 139 So. 455, 456, 88 A. L. R. 262, it was held that "when a tax deed shows on its face that the sale was made on a day other than that regularly fixed by law, the burden of proof is on him who claims under the tax deed to show the proper order or orders, if any exist, by which the sale was postponed to the date shown upon the face of the tax deed." See, also, Bailey v. McRae, 176 Miss. 557, 169 So. 887.

We have but little, if any, doubt that the order of the board of supervisors was made at the August, 1932, term, and that it was in the words and figures shown by said Exhibit D to the amended bill; but, as already said, the complainant overlooked the formal proof of it, as was necessary in view of the stated denial. It is unfortunate that so large a part of the records of pleadings which come here for review are of averments which the plaintiff or complainant knew or should have known to be untrue, and of denials which the defendant knew or should have known were, as denials, untrue. And the added expense and waste of time in the trial courts as a consequence of the practice mentioned is beyond approximate estimate. The making of false affidavits to bills or answers which the party or parties should have known were untrue, which results in impeding or obstructing justice, should properly be held to be a contempt, 13 C. J., p. 9; and it is to be regretted that, in clear cases, of which there are so many, our trial courts have not undertaken to enforce that salutary rule.

The City of Biloxi filed a cross-bill demanding relief of various sorts in the alternative, to none of which we think it entitled, except in the one respect upon proper proof as follows: The city alleged that special improvements had been made by said city upon said property for which there existed at the time of the tax sale, and since, a special statutory lien, the amount due for the said special improvements being set out in the cross-bill and in an exhibit thereto. The city succeeded in prov-

ing by the complainant himself, without objection to the questions along that line, that the patent to him, although dated March 6, 1936, was not countersigned by the Governor and delivered until after March 26, 1936, upon which day the Legislature of that year adjourned. On March 26, 1936, there was approved an act of the Legislature, chapter 174, section 17, which provided, among other things, as follows: "When any land is situated in a municipality and is subject to any special municipal benefit assessment, which is secured by a lien on the land, such lien shall not be abated or cancelled on account of the sale of such land to the state for delinquent taxes, but such lien shall be held in abeyance during the period such property is owned by the state, and immediately upon the title to the state passing from the state by virtue of a sale, such lien shall again become effective."

It was contended by appellee and upheld by the court that this statute applied only to lands within a municipality sold after the date of the said act. The Legislature has entire control of the sale of state lands, and may enact that, as a part of the purchase price, the patentee or his assigns shall assume the special improvement municipal assessments which are a lien against the land, and we think the act in question discloses the purpose that, as to all patents subsequent to the passage thereof, the land shall be liable for the valid special improvement municipal liens against it, and without regard to when the state acquired its tax title thereto. And since the patent was countersigned by the Governor and delivery made subsequent to the passage of the act, the title thus conveyed is subject to the said requirements or conditions of the said act.

It is averred in the answer to the cross-bill that the special improvement lien is void and has been from the beginning. No proof was made along this line, and that

question was not developed before or considered by the chancellor, and, we, of course, express no opinion upon it.

Reversed and remanded.

ON SUGGESTION OF ERROR.

Griffith, J., delivered the opinion of the court on suggestion of error.

The suggestion of error in in this case was assigned to and examined by a judge other than he who wrote the original opinion, this being the uniform practice here. The court has decided to overrule the suggestion of error, see opinion this day delivered in City of Jackson v. J. H. Howie (Miss.), 175 So. 198; but we have taken note of the argument urged in the suggestion of error that the city did not, in fact, succeed in definitely proving by Mr. Lowery, the appellee, that his patent was not delivered until after March 26, 1936. The Legislature adjourned on March 26, 1936, and Mr. Lowery stated in his cross-examination, in regard to the date upon which his patent was delivered to him, as follows: "I think the legislature had adjourned but I am not positive." It is said now that this answer by Mr. Lowery was an inadvertence; and in view of its form we have concluded, in the interest of justice, to allow this question of fact to be re-examined and more fully and definitely developed on the new trial ordered under the original opinion.

Suggestion of error overruled.