CHARLES M. BANKS, Collector of Taxes for the Northern District of the City of Wilmington, *v.* MABEL TALLEY.

JOHN A. DILLMAN, SR., Collector of Taxes for the Southern District of the City of Wilmington, *v.* GEORGE EDWARD TALLEY, NELLIE M. TALLEY, WALTER W. TALLEY and CARRIE ALICE PATTERSON TALLEY, and TERRE HAUTE FIRST NATIONAL BANK, of Terre Haute, Indiana, a corporation of the United States of America, Executrix and Executor of HOMER B. TALLEY, Deceased.

514

(*September* 20, 1937.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*James R. Morford,* City Solicitor for the City of Wilmington, for the respective plaintiffs.

*William G. Mahaffy* and *Herbert L. Cohen* for the respective defendants.

Superior Court for New Castle County, Nos. 171 and 172, May Term, 1936.

SPEAKMAN, J., delivering the opinion of the Court:

The respective demurrers to the third, fourth and fifth pleas will be considered first.

The questions involved are as follows:

1. The location of the boundary line between the Northern and Southern Districts, as established by *Section* 1 of *Chapter* 119, *Vol.* 28, *Laws of Delaware,* between the point in the centre of Sixth Street at the Easterly end thereof and the point of intersection with the Easterly corporate line of the City of Wilmington on the Delaware River.

2. If it should appear that each of the tracts of land in question lies partly within the Northern District and partly within the Southern District, then, under the provisions of *Chapters* 119 and 121, *Vol.* 28, *Laws of Delaware,* as amended

(a) Had the Board of Assessment of said City the power and authority to assess each of said tracts in gross?

(b) If assessed in gross, was the warrant for the collection of the taxes levied upon the assessment issued to the collector for one of the Districts invalid because of the assessment?

(c) Had the Collector to whom such a warrant was issued the power and authority to collect the taxes so levied?

The pertinent provisions of *Chapter* 119, *Vol.* 28, *Laws of Delaware,* which was approved March 11, 1915, are as follows:

By *Section* 1 of said *Chapter* 119 it is provided that

"There shall be elected at the city election in the year 1915, and in every second year thereafter, by the qualified voters in the Districts herein described, two Collectors of Taxes for the City of Wilmington * * * one of whom shall reside in and be voted for and elected in and for that portion of the City North of Sixth Street, and who shall be known as 'The Collector of Taxes for the Northern District of the City of Wilmington,' and the other in and for that portion of the City South of Sixth Street and who shall be known as 'The Collector of Taxes for the Southern District of the City of Wilmington.' Whenever a street is named as a boundary in this section, the center thereof shall be understood."

By *Section* 2 of said *Chapter* 119 it is provided

"That the taxes assessed in the City of Wilmington for City and School purposes, for the fiscal year beginning July 1st, A. D. 1916, and each and every year thereafter, shall be collected in their respective districts by the Collector of Taxes."

By *Section* 5 of said *Chapter* 119 it is provided

"The warrants for the collection of taxes shall be issued 'To The Collector of Taxes of the City of Wilmington for the —————— District, and his successor or successors,' and shall be delivered to the person holding such office."

And the pertinent provisions of *Chapter* 121, *Vol.* 28, *Laws of Delaware,* which was approved March 16, 1915, are as follows:

By *Section* 1 of said *Chapter* 121, it is provided

"There is hereby created and established a Board of Assessment for the City of Wilmington, to consist of three (3) members, and which Board shall determine and do any of the acts hereinafter provided."

In *Section* 7 of said *Chapter* 121, it was given full charge of any and all assessments for city and school taxes, and in said section it is specifically provided that

"The said Board of Assessment shall have and possess the right and powers to make good, perfect, effective and operative any and

all rights, powers and duties now possessed by or imposed upon the Board of Assessment, Revision and Appeals, and the Assessors and Collectors for the City of Wilmington or heretofore possessed or imposed upon the said Board of Assessment, Revision and Appeals, and the Assessors and Collectors for the City of Wilmington under and by virtue of the Charter, Laws, Ordinances, Resolutions, Rules and Regulations concerning the assessment of property for taxes for City and school purposes, required to be made by the said Board of Assessment, Revision and Appeals and the Assessors and Collectors for the City of Wilmington."

In *Section* 8 of said *Chapter* 121, it is provided

"All real estate within the said City shall be assessed, except real estate belonging to the United States, the State of Delaware, New Castle County, the City of Wilmington, [and certain real estate therein particularly referred to used for religious, charitable and other similar purposes] and such other real estate which may now, or which may hereafter be exempted by law."

In *Section* 17 of said *Chapter* 121, it is provided

"The assessment being so settled as aforesaid, the said Board shall, on or before the first day of June, lay the same before the Council of Wilmington, who shall, without delay, determine the whole amount of money necessary to be raised. * * * The Board shall thereupon make out correct list showing the number of persons and estates assessed upon both of the aforesaid assessments, [referring to the city and school assessments] with the whole amount of tax laid upon the several persons and estates under the foregoing provisions, and the said list shall, on or before the fifteenth day of June, be delivered to the Clerk of Council who shall immediately write thereon the warrants of said Council for the collection of said taxes which said warrant shall be signed by the President of The Council, and countersigned by the said Clerk, and the said list and warrant thereon be delivered by the Clerk to the officer or officers designated by law to collect the taxes on or before the twentieth day of June."

The City of Wilmington was first divided into two districts for the purpose of assessment and collection of taxes in the year 1871.

By an Act passed on March 6 of that year, being *Chapter* 116, *Vol.* 14, *Laws of Delaware,* it is provided by *Section* 1 thereof:

"That there shall be elected at the next city election, and at the city election in every third year succeeding, two assessors, one of whom shall reside in and be voted for and elected in and for that portion of the city North of Sixth Street; the other in and for that portion of the city which lies South of Sixth Street. * * *

The assessors shall be ex-officio for their respective districts the collectors of the city, and as such shall give bond * * * for the faithful assessment of his district and the collection of the taxes assessed therein, * * *."

Since 1871 there have been frequent statutory changes in the law concerning the collection of city and school taxes in the City of Wilmington, but since said date the division of the city into two districts, with Sixth Street as the dividing line, has been consistently maintained.

In the meantime there was created by law a Board known as the Board of Assessment, Revision and Appeals, by *Chapter* 586, *Volume* 17, *Laws of Delaware,* passed March 24, 1885, which continued in force until the approval of the Act creating the Board of Assessment.

In said *Chapter* 586, *Volume* 17, it was provided in part that the assessment for city and school purposes being settled:

"The assessors shall, under the supervision of the Board of Assessment, Revision and Appeals, thereupon make out correct lists for each district of the city, showing the number of persons and estates assessed upon both of the aforesaid assessments, with the whole amount of tax laid upon the several persons and estates under the foregoing provisions; and the said lists shall, on or before the fifteenth day of June, be delivered to the Clerk of Council, who shall immediately write thereon the warrants of the council for the collection of said taxes, which said warrants shall be signed by the president of the council and countersigned by the said clerk, and the said lists and warrants thereon be re-delivered by the clerk to the assessors on or before the twentieth day of June; whereupon it shall be the duty of the said assessors and collectors to forthwith collect and receive the taxes thereupon."

*Chapter* 586, *Volume* 17, *Laws of Delaware,* was an Amendment to *Chapter* 207, *Volume* 17, *Laws of Delaware,* which was passed April 13, 1883, and in which it was provided in *Section* 84 thereof, in part, as follows:

"The assessments being so settled as aforesaid. * * * The clerk of the council shall thereupon immediately make out a correct list for each district of the city, showing the names of persons and estates assessed upon both of the aforesaid assessments."

Considering first the question concerning the location of the boundary line between the Northern and Southern Districts as created by *Section* 1 of *Chapter* 119, *Vol.* 28, *Laws of Delaware,* between the point in the centre of Sixth Street at the Easterly end thereof and the point of intersection with the Easterly corporate line of the City of Wilmington on the Delaware River, by said Section it is provided that for the purpose of the collection of City and School Taxes, the City of Wilmington should be divided into two districts, one of which was that portion of the City North of the centre line of Sixth Street, to be known as the Northern District, and the other as that portion of the City South of the centre line of Sixth Street, to be known as the Southern District.

From the allegations in the pleas demurred to, which for the purpose of the demurrers are admitted to be true it appears that Sixth Street ends a short distance East of Church Street and that if it were extended in a straight line Easterly to the Easterly boundary line of the City it would bisect the land described in the respective declarations as amended.

Upon the passage by the General Assembly of *Chapter* 119, *Vol.* 28, *Laws of Delaware,* it was the intention of the General Assembly that the City of Wilmington should continue as theretofore since 1871 to be divided into two districts, so that there would be no part of the City that was not included in one or the other of the districts. There is no conceivable reason for considering otherwise. It is therefore necessary to determine the location of the line dividing the two districts, which is described in the statute as the centre line of Sixth Street.

In the determination of this matter it is material to first suggest certain pertinent general rules of construction.

If the description of the boundaries in a statute cannot be literally applied on account of inaccuracy, the statute must receive a reasonable construction in order to carry into effect the intention of the Legislature. *McQuillin Municipal Corporations* (2d Ed.), § 281.

And that a description sufficient for a deed is sufficient to describe the boundaries of a municipal corporation. *Central Irrigation District v. De Lappe,* 79 *Cal.* 351, 21 *P.* 825, 9 *C. J., Boundaries,* § 2; 43 *C. J., Municipal Corp.,* § 61.

And where a line is marked for only part of a required distance, it should be followed in the same direction for the whole distance unless there is some marked corner to divert it. 4 *R. C. L., Boundaries,* § 49; 9 *C. J., Boundaries,* § 21.

■ It would seem reasonable that the members of the General Assembly in fixing the dividing line between the two districts intended pursuant to the general rules of construction that the centre line of Sixth Street extended in the same course from the termination of Sixth Street East of Church Street to the Easterly boundary line of the City of Wilmington, and constituted a portion of the division line dividing said districts, and the Court is of the opinion that this construction should prevail. No authorities can be found which would warrant this Court in holding otherwise.

■■ The questions concerning the powers and authority of the Board of Assessment and Collectors and the legality of the warrants issued to the Collectors for the years in question will be next considered. By *Section* 7 of *Chapter* 121, *Vol.* 28, *Laws of Delaware,* it is provided that at the time of its approval the Board of Assessment of the City of Wilmington be invested with all rights, powers and duties possessed by or imposed upon the Board of Assessment, Revision and Appeals, and the Assessors of the City of Wilmington, concerning the assessment of property for

taxes for city and school purposes required to be made by the said Board of Assessment, Revision and Appeals and the Assessors. One of the duties required of the said Board of Assessment, Revision and Appeals and the Assessors, under the provisions of *Chapter* 586, *Volume* 17, *Laws of Delaware,* was that the assessors under the supervision of the Board of Assessment, Revision and Appeals make out correct lists for each district of the City, showing the number of persons and estates upon the city and school assessment.

Therefore, upon the approval of *Chapter* 121, *Vol.* 28, *Laws of Delaware,* it became the duty of the Board of Assessment to make out correct lists for each district, showing the number of persons and estates upon the city and school assessment.

It is alleged in effect in the fourth pleas of the respective defendants that the Board of Assessment in such respect failed in its duty and that therefore the assessment was improper.

In the case of *Delaware Registration Trust Company v. Delaware Forge & Steel Company,* 15 *Del. Ch.* 381, 138 *A.* 620, 624, it appears that there was an assessment in gross of a tract in the City of Wilmington for city and school purposes for the years 1920 to 1923, and that a portion of the tract was for said years exempt from municipal taxation. In that case the Chancellor said:

"We have then a case where for the years 1920, 1921, 1922 and 1923 * * * lands subject to a tax were blended in the assessment so as not to be distinguishable, with lands not subject to tax. That being the case, the entire assessment for each year to which the fact of blending is applicable is void and a tax based on such assessment is not collectible." Citing authorities.

There are also cases which hold if property partly within and partly outside of the municipality is assessed by the municipality in gross that the whole assessment is void. To that effect see *Planters' G. & M. Co. v. Greenville,* 138 *Miss.* 876, 103 *So.* 796; *Sioux City Bridge Co. v. Dakota County,* 61 *Neb.* 75, 84 *N. W.* 607; *People ex. rel. Bear Mountain Hudson Bridge Co. v. Diamond, Assessor et al.,* 126 *Misc.* 239, 213 *N. Y. S.* 258, affirmed *People ex rel. Bear Mountain Hudson River Bridge Co. v. Diamond,* 222 *App. Div.* 756, 225 *N. Y. S.* 886.

And in 3 *Cooley Taxation (4th Ed.),* § 1074, it is stated that

"If an assessment is valid in part and invalid in part, and the two are separate, the invalid part does not affect the valid part, but if the two are not separate the entire assessment is invalid."

We are unable to distinguish in principle between a case where lands subject to a tax were blended in the assessment, so as not to be distinguished, with lands not subject to tax, as in the case of *Delaware R. T. Co. v. Delaware F. & S. Co., supra,* and a case where lands subject to a tax payable to the Collector of the Northern District are blended in the assessment, so as not to be distinguished, with lands subject to a tax payable to the collector of the Southern District as in this case, and we are therefore of the opinion that the assessments of the land in question are void.

Under the provisions of *Section* 17 of said *Chapter* 121, *Vol.* 28, *Laws of Delaware,* it is essential for the Collector to have a warrant in due form of law before he can proceed with his duties as Collector. It is provided by said *Section* that the warrant of the Collector be written on the assessment list, signed by the President of Council and countersigned by the Clerk of Council.

The list so far as the same is in conformity with the law, together with the endorsement of the warrant thereon,

properly signed constitute and limit the collector's authority. If there should be included in the list exempt properties, or as in this case properties illegally assessed, the command contained in the warrant to collect the taxes levied upon such properties would be ineffective and invalid as to them and this is in effect the allegation contained in the fifth plea to the declarations as amended.

It is admitted by the plaintiffs that as a condition precedent to a suit for taxes it is essential that there should have been a proper assessment, and it has been universally so held where the tax is levied upon an assessment based upon the value of property.

Also it is the general rule that

"The powers and duties of an officer with reference to the collection of taxes extend and are limited to such as are conferred or imposed on him by, or under the authority, of a statute. To constitute full authority for the collection of taxes, the person assuming that function must be the officer designated by law, * * *" 61 *C. J., Taxation,* § 1304.

Under the provisions of *Chapter* 119, *Vol.* 28, *Laws of Delaware,* by *Section* 1 thereof it is provided that

"There shall be elected * * * two Collectors of Taxes * * * one of whom * * * shall be known as 'The Collector of Taxes for the Northern District' * * * and the other * * * who shall be known as 'The Collector of Taxes for the Southern District.' "

And by *Section* 2 thereof it is provided

"That the taxes assessed * * * for City and School purposes * * * shall be collected in their respective districts by the Collectors of Taxes."

And as heretofore stated it is improper and illegal to include in the assessment lists issued to the Collector any properties which lie in part outside of his district.

Accordingly we are of the opinion that the allegations contained in the third pleas are sufficient in law to bar recovery if proved.

526 

 It is a well recognized rule in pleading that a plea in bar must show some ground for barring or defeating the action.

The allegation in the second plea to the effect that the plaintiff has no authority under *Chapter* 119 and *Chapter* 121, *Vol.* 28, *Laws of Delaware,* to maintain his action in that Sixth Street in the City of Wilmington does not extend out to the land set forth in the declaration as amended, does neither deny nor confess and avoid any of the material allegations in the respective declarations as amended, and for that reason the second pleas are insufficient in law.

For the reasons above stated the demurrers to the second pleas are sustained, and the demurrers to the third, fourth and fifth pleas are overruled.